Joventino SAENZ
MACHADO, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–88–00078–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

June 23, 1988.

Nicholas Malavis, Houston, for appellant.

John B. Holmes, Dist. Atty. Harris County, Lynne Parsons, Asst. Dist. Atty., for appellee.

Before WARREN, DUGGAN and LEVY, JJ.

WARREN, Justice.

Appellant was charged in a two-paragraph indictment with the offense of arson, and was found guilty by a jury. The court found the two enhancement paragraphs to be true, and assessed punishment at 25 years imprisonment. Appellant brings three points of error complaining of the sufficiency of the evidence and the court's refusal to charge the jury on circumstantial evidence.

On July 19, 1987, between 2:00 and 2:30 a.m., a fire broke out in an upstairs storage room of Cinema X, an adult theatre. An arson investigator testified that the fire was deliberately set. James Williams, a patron of the theater, told police that appellant was the man he had seen go into the storage room shortly before the smoke became apparent. Appellant was found sitting on the curb across the street from the theatre, and was arrested.

In his first two points of error, appellant complains that the evidence was insufficient to prove that the fire was of incendiary origin and that he was the person who started it, and that therefore the court erred in overruling his motion for an instructed verdict.

The standard for reviewing the sufficiency of the evidence is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). A conviction based upon circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the defendant. *Johnson v. State,* 673 S.W. 2d 190, 193 (Tex.Crim.App.1984).

Appellant was convicted under Tex.Penal Code Ann. sec. 28.02 (Vernon Supp.1988), which provides, in pertinent part:

(a) A person commits an offense if he starts a fire or causes an explosion with intent to destroy or damage any building, habitation, or vehicle: ...

(5) knowing that it has located within it property belonging to another; or

(6) when he is reckless about whether the burning or explosion will endanger the life of some individual or the safety of the property of another.

The jury was instructed that it could convict appellant if it found him guilty under the terms of either theory. The general verdict form returned by the jury did not indicate under which theory appellant was found guilty. When alternative theories are submitted to the jury and a general guilty form is returned, the verdict will be affirmed if the evidence was sufficient to support either theory. *Bailey v. State,* 532 S.W.2d 316, 323 (Tex.Crim. App.1975).

In order to establish the corpus delicti of arson, it must be shown that the edifice was deliberately set on fire, and that the defendant set the fire or was criminally connected therewith. *Massey v.*

*State,* 154 Tex.Cr.R. 263, 226 S.W.2d 856, 859 (App.1950).

■ An arson investigator with eight years of experience testified for the State that it was his opinion that the fire was intentionally set with two points of origin. He further testified that the two fires were composed of paper products, and showed no signs of involving normal or natural fire hazards. The defense offered no expert testimony that the fire was not intentionally set. We find that a rational trier of fact could have concluded beyond a reasonable doubt that the fire was intentionally set, but there must also be evidence showing that appellant was criminally responsible for the fire. *Massey,* 226 S.W.2d at 859.

James Williams, a patron of the theatre, testified that he went to the second floor of the theatre to use the restroom. At the top of the stairs he saw appellant and another man emerge from the storage room. He then saw appellant go back into the storage room and the other man go down the stairs. Williams did not smell smoke at this time. Three or four minutes later, he began to smell smoke in the restroom. When he re-entered the hallway, he immediately saw that the fire was in the storage room, and ran downstairs. He did not see appellant come out of the room after he smelled smoke.

A clerk at the theatre, Nick Sofos, testified that after he evacuated the patrons, he went upstairs to locate the source of the fire. As he went upstairs, he passed appellant, James Williams, and another man, who were all going down the stairs. Later, Sofos testified, Williams and the other man told Sofos that appellant started the fire.

The evidence of criminal connection between appellant and the fire consists primarily of Williams' testimony that he saw appellant go into the store room minutes before the fire started, and Sofos' testimony that he saw appellant run down the stairs with Williams and another man after the smoke began billowing from the upstairs store room. It has been held that mere presence at the scene before and after a fire is insufficient to prove a criminal

connection with it. *Massey,* 226 S.W.2d at 859.

■ Additionally, there is Sofos' hearsay testimony, first elicited on cross-examination, that Williams and another man told him that appellant started the fire. Inadmissible hearsay admitted without objection shall not be denied probative value merely because it is hearsay. Tex.R.Crim. Evid. 802. However, unobjected to hearsay may be denied probative value for reasons other than its hearsay nature. In this case, Sofos' testimony that Williams was one of the men who told him that appellant had started the fire was without probative value because Williams testified that he did not see the fire start, nor did he know at what point appellant had exited the storage room. Therefore, he could not have known from personal knowledge that appellant started the fire. The remaining evidence that could potentially link appellant with the fire is Sofos' testimony that the other man with Williams, a man named "Candy", told him that appellant started the fire. Although this evidence may tend to prove that appellant was the person who started the fire, and so has "probative" value, we are unable to conclude that a rational trier of fact could have found that this evidence, even combined with the evidence of appellant's opportunity to start the fire, was sufficient to exclude every other reasonable hypothesis except that of the guilt of appellant.

We hold that there was insufficient evidence to prove that appellant started the fire.

Appellant's first and second points of error are sustained.

■ Appellant's final point of error complains that the trial court erred in refusing to charge the jury on circumstantial evidence. The Court of Criminal Appeals held in *Hankins v. State,* 646 S.W.2d 191, 199 (Tex.Crim.App.1981), that a charge on circumstantial evidence is without value and serves only to invite jury confusion in a criminal case. We disagree with appellant's contention that *Hankins* disapproved of only certain language in a circumstantial evidence charge. A charge on circumstan-

tial evidence is no longer required in a criminal case.

Appellant's third point of error is overruled.

The judgment is reversed, and the trial court is ordered to enter judgment of acquittal. *See Greene v. Massey,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).