any court of appeals. However, in this instance, I am compelled to vote to abate this cause to the El Paso Court of Appeals because there is a serious question whether that court had jurisdiction over appellant's direct appeal, and I believe that it would be in the best interest of the criminal jurisprudence of this State for that court, rather than this Court, to first decide the issue of whether it had jurisdiction over appellant's direct appeal.

Because this Court does not take the opportunity to either address or consider the issue, or abate this cause to the court of appeals for that court to decide the jurisdictional issue, and puts this Court's "improvidently granted" stamp to the State's petition for discretionary review, I am compelled to dissent.

**OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW**

PER CURIAM.

Appellant was convicted by a jury for arson and punishment, enhanced, was set at 25 years confinement. The conviction was reversed and an acquittal ordered on appeal. *Machado v. State*, 753 S.W.2d 252 (Tex.App.—Houston [1st] 1988). The State filed a petition for discretionary review raising one ground for review.

We have considered the issue raised and find that the Court of Appeals reached the correct result. The petition for discretionary review will be refused. As is true in every case where this Court refuses a petition for discretionary review, this refusal does not constitute endorsement or adoption of the reasoning employed by the Court of Appeals. See *Sheffield v. State*, 650 S.W.2d 813 (Tex.Cr.App.1983).

With this understanding, we refuse the State's petition for discretionary review.

**Joventino Sainz MACHADO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 859–88.**

Court of Criminal Appeals of Texas, En Banc.

April 5, 1989.

Nicholas G. Malavis, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Lynne W. Parsons and George Tallichet, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

**Ex parte Aaron Allen ADKINS.**

**No. 70754.**

Court of Criminal Appeals of Texas, En Banc.

April 5, 1989.

