Affirmed and Opinion filed June 2, 2005









Affirmed and Opinion filed June 2, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-01166-CR

_______________

 

ROBERT BLAKELY MCLENDON, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

___________________________________________________

 

On Appeal from the 183rd
District Court

Harris County, Texas

Trial Court Cause No. 940,096

___________________________________________________

 

O P I N I O N

 

Appellant, Robert Blakely McLendon,
appeals a conviction for arson on the grounds that: (1) the evidence is legally
and factually insufficient; (2) the State commented on his failure to testify;
and (3) the trial court erred in denying his motion to suppress.  We affirm.

I.  Factual
and Procedural Background








Michael Edwards, a River Oaks Patrol
security officer, was on duty the night of November 30, 2002.  He had been instructed to keep a special
watch on the house under construction at the address of 3005 Del Monte, in Houston,
because the property was owned by a prominent Enron executive.  At approximately three o=clock in the morning, Edwards noticed
a suspicious vehicle, a black Lincoln Navigator, parked in front of 3005 Del
Monte.  As he approached the vehicle,
Edwards noticed a white male running from the front of the house toward the
vehicle.  As Edwards turned on his
lights, the man jumped into the vehicle and drove away.  As he was looking for a specific address to
call in a report on the suspicious vehicle, Edwards noticed the house at 3005
Del Monte was on fire.  Edwards gave a
description of the vehicle and its license plate number to the dispatcher and
followed the Navigator through the neighborhood and onto the Southwest
Freeway.  The man eventually abandoned
the vehicle and ran away through an open field toward an apartment
complex.  Edwards noted the license plate
number of the vehicle and reported it to the Houston Police Department
(HPD).  Later that morning, HPD and River
Oaks Patrol officers determined the registered owner of the Navigator was
appellant, Robert Blakely McLendon.  

An arson investigator, Nathaniel Gee,
conducted a cause and origin investigation and concluded the fire at 3005 Del
Monte was incendiary, not accidental. 
Gee found a large can at the scene, which was later determined to have
contained diesel fuel.  Debris collected
from the fire was examined, and chemists found it contained a flammable
heavy-petroleum distillate, such as diesel fuel.  Leo Gonzalez, a senior investigator with the
Houston Fire Department, placed a photograph of appellant in a photo array,
which he showed to Edwards.  When Edwards
viewed the photos, he originally identified the photograph in position number
two[1]
as the man he saw running from the house, but then stated the man in photograph
number one looked similar to the man he identified.

Based on the investigation and
Edwards’s identification, Gonzalez obtained an arrest warrant for appellant and
arrested him at his apartment.  At the
time of his arrest, appellant was driving the black Navigator with the same
license plates as the vehicle observed at the scene of the fire.  Later, Edwards positively identified
appellant at a live line-up. 








Appellant was charged with arson of a
habitation.  Before closing arguments,
appellant requested and received an instruction on the lesser-included offense
of arson of a building.  The jury
convicted appellant of the lesser-included offense.  After finding the allegations in the
enhancement paragraph true, the jury assessed punishment at thirty-five years= confinement in the Texas Department
of Criminal JusticeCInstitutional Division and imposed a fine of $10,000.

II.  Issues
and Analysis

A.        Is the
evidence legally and factually sufficient to support appellant=s conviction for arson?

Appellant contends the evidence is
legally and factually insufficient to support his conviction because it failed
to establish he started the fire. 
Specifically, appellant contends the evidence shows, at best, he was
merely present at 3005 Del Monte and left in his vehicle before the fire began.

1.         Estoppel
as a Bar to Challenge Legal Sufficiency

Appellant requested and received a
charge on the lesser-included offense of arson of a building.  The jury convicted appellant of the
lesser-included offense.  The State
argues appellant is now estopped from challenging the legal and factual
sufficiency of the evidence supporting this conviction.  The State relies on a line of cases from the
Court of Criminal Appeals indicating that a defendant who invokes the benefit of
a lesser-included offense by either requesting a jury charge on it or by not
objecting to its submission is estopped from complaining on appeal that the
evidence is legally insufficient to support a conviction on the lesser
offense.  See State v. Yount, 853
S.W.2d 6, 9 (Tex. Crim. App. 1993) (majority opinion citing Lee estoppel
rule with approval and as analogous to rule applied by the court in Yount);
State v. Lee, 818 S.W. 2d 778, 781 (Tex. Crim. App. 1991) (plurality op.), overruled
on other grounds by Moore v. State, 969 S.W.2d 4 (Tex. Crim. App. 1998); Bradley
v. State, 688 S.W.2d 847, 853 (Tex. Crim. App. 1985) (plurality op. and
dictum).    








The opinions in Lee and Bradley
were plurality opinions, and the Yount case did not involve an alleged
waiver of legal sufficiency review.  See
Yount, 853 S.W.2d at 9; Lee, 818 S.W. 2d at 781; Bradley, 688
S.W.2d at 853.  Nonetheless, the Yount
majority quoted Lee and cited its rationale with approval in holding
that that the appellant in Yount had waived his limitations defense to
the driving-while-intoxicated offense by requesting that it be submitted to the
jury as a lesser-included offense.  See
Yount, 853 S.W.2d at 9.  Though not
part of the holding, we conclude that the Yount court’s approval of the Lee
estoppel rule is a judicial dictum binding on this court as a deliberate
and unequivocal declaration of the criminal law.  See LeBlanc v. State, 138 S.W.3d 603,
606 (Tex. App.CHouston [14th Dist.] 2004, no pet.)
(stating that, as an intermediate court of appeals, we are bound by the Court
of Criminal Appeals’s deliberate and unequivocal declarations of criminal law);
McKinney v. State, __S.W.3d __, __, 2005 WL 327145, at *2B5 (Tex. App.CHouston [1st Dist.] Feb. 10, 2005, no
pet. h.) (concluding that intermediate courts of appeals are bound by Yount=s affirmation of the Lee
estoppel rule); see also Edwards v. Kaye, 9 S.W.3d 310, 314 (Tex. App.CHouston [14th Dist.] 1999, pet.
denied) (distinguishing between a nonbinding obiter dictum and a judicial
dictum).  Because we are bound by the
Court of Criminal Appeals’s affirmation of the Lee estoppel rule in Yount,
we conclude appellant is estopped from bringing a legal sufficiency
challenge.  See Yount, 853 S.W.2d
at 9; McKinney, __ S.W.3d at __, 2005 WL 327145, at *3.  Accordingly, we overrule appellant=s first issue. 

Although we follow, as we must, the
Court of Criminal Appeals’s judicial dictum in Yount, we question
the soundness of this estoppel rule, and we join the First Court of Appeals in
respectfully suggesting that the Court of Criminal Appeals reconsider this rule
for the reasons expressed by the First Court of Appeals in the McKinney
case.  See McKinney, __ S.W.3d at
__, 2005 WL 327145, at *2B5.  

 








2.         Factual
Sufficiency

The
State further urges this court to follow the decisions of other intermediate
courts of appeals that have extended the Lee estoppel rule to factual
sufficiency challenges.  See Otting v.
State, 8 S.W.3d 681, 687 (Tex. App.CAustin 2000, pet. ref’d untimely
filed); Reaves v. State, 970 S.W.2d 111, 118 (Tex. App.CDallas 1998, no pet.); Bisco v.
State, 964 S.W.2d 29, 30 (Tex. App.CTyler 1997, pet. ref=d); Taylor v. State, 947
S.W.2d 698, 702  (Tex. App.CFort Worth 1997, pet. ref=d). 
We respectfully decline to do so. 
For the reasons stated in McKinney,[2]
we conclude appellant is not estopped from challenging the factual sufficiency
of the evidence supporting his conviction for the lesser-included offense of
arson of a building.  See McKinney,
__ S.W.3d at __, 2005 WL 327145, at *4B5. 









Appellant contends the evidence is
factually insufficient to support his conviction because it failed to establish
that he actually started the fire.  When
evaluating a challenge to the factual sufficiency of the evidence, we view all
the evidence in a neutral light and inquire whether the jury was rationally
justified in finding guilt beyond a reasonable doubt.  Zuniga v. State, 144 S.W.3d 477, 484
(Tex. Crim. App. 2004).  A reviewing
court may find the evidence factually insufficient in two ways.  Id. 
First, when considered by itself, the evidence supporting the verdict
may be too weak to support the finding of guilt beyond a reasonable doubt.  Id. 
Second, after weighing the evidence supporting the verdict and the
evidence contrary to the verdict, the contrary evidence may be strong enough
that the beyond-a- reasonable-doubt standard could not have been met.  Id. at 484B85.  In conducting the factual sufficiency review,
we must employ appropriate deference so that we do not substitute our judgment
for that of the fact finder.  Id.
at 481B82.  Our evaluation should not intrude upon the
fact finder’s role as the sole judge of the weight and credibility given to any
witness=s
testimony.  Cain v. State, 958
S.W.2d 404, 407 (Tex. Crim. App. 1997). 
In conducting a factual sufficiency review, we must discuss the evidence
appellant claims is most important in allegedly undermining the jury’s
verdict.  Sims v. State, 99 S.W.3d
600, 603 (Tex. Crim. App. 2003).

In the context of this case, a person
commits arson of a building if the person starts a fire, regardless of whether
the fire continues after ignition, with intent to destroy or damage any
building, knowing that it is within the limits of an incorporated city or town.  See Tex.
Pen. Code  Ann.' 28.02 (Vernon 2003).  Appellant asserts that the evidence merely
showed that he was present at the scene before and after the fire, and that the
evidence is factually insufficient to show he started the fire.  However, the evidence in the record shows
more than appellant’s mere presence at the scene.  Arson investigator Nathaniel Gee testified
that in his opinion the fire at 3005 Del Monte was intentionally set, and the
cause of the fire was arson.  Chemists
testified that a can found at the scene contained diesel fuel, commonly used by
arsonists because it does not emit fumes that can cause flash burns on the
person who sets the fire.  The
investigators’ uncontroverted testimony is sufficient for a rational trier of
fact to conclude the fire was intentionally set.  See Machado v. State, 753 S.W.2d 252,
254 (Tex. App.CHouston [1st Dist.] 1998) (arson
investigator’s undisputed testimony that fire was intentionally set was
sufficient to support finding of arson), pet. ref=d, 767 S.W.2d 809 (Tex. Crim. App. 1989).








Though
appellant argues that no person saw him start the fire, direct evidence is not
required, and the circumstantial evidence presented to the jury is factually
sufficient to support a finding that appellant started the fire.  At three o=clock in the morning, appellant’s
vehicle was parked, with the tail lights on, in front of the house at 3005 Del
Monte, which was under construction. 
Edwards positively identified appellant as the man he saw running away
from the house immediately before he noticed the house was on fire.  Edwards further testified that appellant fled
the scene in his vehicle, then abandoned the vehicle and fled on foot.  Although flight alone will not support a
guilty verdict, it is a circumstance from which an inference of guilt may be
drawn.  Harris v. State, 645
S.W.2d 447, 458 (Tex. Crim. App. 1983). 
Appellant presented no evidence to controvert the State’s evidence.  In support of his factual-sufficiency
argument, appellant cites testimony that, at some point in time, appellant’s
vehicle was reported stolen.  However,
the testimony appellant cites was given at a motion-to-suppress hearing, and no
such evidence was admitted at trial. 
Accordingly, we cannot consider this evidence in our factual sufficiency
review. See Poindexter v. State, 153 S.W.3d 402, 406 (Tex. Crim. App.
2005) (holding that appellate courts determine the sufficiency of the evidence
to support a conviction based on a review of all of the evidence admitted at
trial).  Under the applicable legal
standard, we conclude the evidence is factually sufficient to support appellant’s
conviction for arson of a building.[3]  See Zuniga, 144 S.W.3d at 484. 
Accordingly, we overrule appellant=s second issue.

B.        Did the
trial court err in overruling appellant=s
objection to the State=s allegedly improper comment purportedly addressing
his failure to testify during the guilt-innocence phase? 

In his
third issue, appellant contends the trial court erred in overruling his
objection to the State’s jury argument in which the prosecutor allegedly
commented on his failure to testify.  The
State made the following argument during the guilt-innocence phase:

[Edwards
testified] absolutely, one hundred percent certain that that=s the person I saw. 
And coincidentally, that=s the same person who is the registered owner of the
car.  You have to think about that.  That clearly corroborates the identification
that Mr. Edwards made.  You haven=t heard any evidence that there was someone else
driving the Defendant=s vehicle that night. 
You haven’t heard any evidenceC








[Defense
Counsel]:  Judge, I=m going to object. 
She’s putting the burden on the defense. 

Court: That’s overruled.

On
appeal, appellant contends the prosecutor’s comment was an impermissible
comment on the his failure to testify. 
An objection at trial not comporting with the complaint on appeal does
not preserve error for appellate review.  See Guevara v. State, 97 S.W.3d
579, 583 (Tex. Crim. App. 2003).  Because
appellant objected at trial that the State was attempting to shift the burden,
and on appeal he raises a different point C that the State commented on his
failure to testify C he has failed to preserve error.  See Paster v. State, 701 S.W. 2d 843,
849 (Tex. Crim. App. 1985) (appellant’s trial objection that the State was
attempting to shift the burden did not comport with his appellate argument that
the State commented on his failure to testify). 

Even if
appellant had preserved error on the issue he now raises, his argument would
not be successful because the trial court did not err in overruling his
objection.  See Patrick v. State,
906 S.W. 2d 481, 491 (Tex. Crim. App. 1995) (stating that, if the prosecutor=s language reasonably can be
construed to refer to appellant’s failure to produce evidence other than his
own testimony, the comment is not improper). 
The State’s argument reasonably could be construed to refer to appellant’s
failure to produce evidence other than his own testimony.  Therefore, the trial court did not err in
overruling appellant’s objection. 
Accordingly, we overrule appellant’s third issue.

C.        Did the
trial court err in denying appellant’s motion for mistrial made during the
punishment phase, after the State’s allegedly improper comment purportedly
aimed at his failure to testify?

In his
fourth issue, appellant contends the trial court erred when, during the
punishment phase, it denied his motion for mistrial after the State allegedly
commented on appellant’s failure to testify.








The
prosecutor made the following argument during the punishment phase:

This time
when you go back to the jury room, I suggest you think about a couple of
things.  The first thing that you have to
take into consideration, obviously, is the Defendant and what kind of person he
is.  And I promise you [defense counsel]
is an excellent lawyer.  He knows exactly
what he’s doing.  And I promise you, if
there was anything good to say about the defendantC

[Defense
counsel]:  Judge, I=m going to object. 
She’s switching the burden.

THE
COURT:  That’s sustained.

[Defense
Counsel]:  I move for a mistrial.

THE
COURT:  That is denied.

[Defense
counsel]:  I ask that the jury disregard.


THE
COURT:  Jury, disregard the last comment
by the prosecutor. You are not to consider it for any reason.

 

An
objection at trial not comporting with the complaint on appeal does not
preserve error for appellate review.  See
Guevara, 97 S.W.3d at 583. 
Because appellant objected at trial that the State was attempting to
shift the burden, and on appeal he argues the State commented on his failure to
testify, he has failed to preserve the complaint he now raises.  See Paster, 701 S.W. 2d at 849.  

Furthermore,
we review a trial court’s ruling on a motion for mistrial under an abuse-
of-discretion standard, and we must uphold the trial court’s ruling if that
ruling is within the zone of reasonable disagreement.  Wead v. State, 129 S.W. 3d 126, 129
(Tex. Crim. App. 2004).  Even if
appellant had preserved the point he now argues, any harm was cured by the
trial court’s instruction to disregard, and the trial court did not abuse its
discretion in denying appellant’s motion for a mistrial.  See Simpson v. State, 119 S.W. 3d 262, 272B74 (Tex. Crim. App. 2003).  Accordingly, we overrule appellant’s
fourth issue. 








D.        Did the trial court err in denying
appellant’s pretrial motion to suppress the line-up identification? 

 

In his fifth issue, appellant contends the trial court
erred in denying his motion to suppress the line-up identification because, he
claims, an affirmative misrepresentation was knowingly included in the probable
cause affidavit and material facts concerning appellant’s innocence were
knowingly excluded from it. 
Specifically, appellant contends Officer Gonzalez: (1) intentionally and
knowingly included a falsehood in the affidavit when he wrote that Edwards “tentatively”
identified appellant from a photospread, and (2) failed to include in the
affidavit that he knew appellant’s vehicle had been reported stolen and that a
witness described appellant’s hair as a different color. 

Appellant
filed a motion to suppress Edwards’s line-up identification of appellant,
contending the affidavit for an arrest warrant contained false statements by
the affiant, made knowingly and intentionally, or with a reckless disregard for
the truth, which statements are necessary for the finding of probable
cause.  See Franks v. Delaware,
438 U.S. 154, 164B65, 98 S. Ct. 2674, 2680B81, 57 L. Ed.2d 667 (1978).  In Franks, the United States Supreme
Court recognized that, if an affirmative misrepresentation is knowingly
included in a probable cause affidavit and is material and necessary to
establishing probable cause, the warrant is rendered invalid under the Fourth
Amendment.  Id., 438 U.S. at 156,
98 S. Ct. at 2676.  This exclusionary
rule does not extend to instances in which the police are merely negligent in
collecting the facts alleged in the affidavit. 
Id., 438 U.S. at 170, 98 S. Ct. at 2674.  The affidavit must make a truthful showing of
probable cause “in the sense that the information put forth is believed or
appropriately accepted by the affiant as true.” 
Id., 438 U.S. at 165, 98 S. Ct. at 2674.  A misstatement in an affidavit that is the
result of simple negligence or inadvertence, as opposed to reckless disregard
for the truth, will not make the warrant invalid.  See Dancy v. State, 728 S.W.2d 772,
783 (Tex. Crim. App. 1987).  








Appellant
contends the affidavit in this case is false because it contains the following
statement:

On December
2, 2002 your affiant showed the photospread to Michael Edwards.  Edwards tentatively identified [appellant]
but told affiant that one of the fill in subjects also had similar features as
the suspect. 

 

The
trial court conducted a pretrial suppression hearing at which appellant and the
State presented evidence.  At the
hearing, Edwards testified he tentatively identified the photo in the number
two position as being the man he saw running from the house, but thought the
photo of the individual in the number one position looked similar.  The trial court denied appellant’s motion and
found there was no deliberate falsehood or material misrepresentation or any
reckless disregard for the truth.  As the
sole fact‑finder and judge of the witnesses’ credibility and weight of
the evidence, the trial court is owed great deference, and its ruling will be
reversed only if outside the bounds of reasonable disagreement.  Hinojosa v. State, 4 S.W.3d 240, 247
(Tex. Crim. App. 1999).  Applying this
standard, we find no basis to overrule the trial court’s decision to deny
appellant’s motion to suppress.








Appellant
further contends the affidavit contained falsehoods due to omission of the fact
that appellant’s vehicle had been stolen and that Edwards described the suspect
as having sandy blonde hair.  During the
pretrial hearing, Officer Gonzalez, the affiant for the probable cause
statement, testified that he reviewed the initial offense report, interviewed
Edwards, and generated a supplemental report. 
The initial report reflects that Officer Gee interviewed Edwards, who
stated that he observed an unidentified person running away from the structure
and described the possible suspect as, “a heavy build, well-dressed, white
male, approximately 5’10” to 6’0” tall with sandy blonde hair.”  Regarding identification of appellant’s hair
color and its omission from the affidavit, appellant presented no evidence to
show the materiality of the suspect’s hair color.  Regarding the report that the black Navigator
was once reported stolen and the omission of that fact from the affidavit,
Gonzalez testified that, at some time prior to the drafting of the probable
cause affidavit, he became aware the vehicle had been reported stolen.  There was no evidence, however, that the
vehicle had been reported stolen immediately prior to the fire.  Reviewing the evidence from the hearing, we
find no basis to overrule the trial court’s ruling with regard to the omission
of the stolen vehicle report and the description of appellant’s hair color.[4]  Accordingly, we overrule appellant’s fifth
issue.

E.        Did the
trial court err in denying appellant’s motion to suppress identification
testimony based on an allegedly impermissibly suggestive line-up? 

 

In his
sixth issue, appellant contends the trial court erred in denying his motion to
suppress Juan Marroquin’s punishment-phase identification testimony C both Marroquin’s in-court
identification of appellant and testimony as to Marroquin’s line-up
identification of appellant.  Appellant
argues the trial court should have excluded this evidence because the line-up
was unduly suggestive given that Marroquin knew the police suspected one of the
men in the line-up of being the man Marroquin had seen fleeing from an earlier
fire at the Harris County civil courthouse. 








At the
punishment phase, Marroquin testified that on July 28, 2001, he was working as
the night shift supervisor at the old criminal courthouse when he witnessed a
fire at the Harris County civil courthouse. 
As Marroquin was driving out of a driveway across the street from the
civil courthouse, he saw a black vehicle he assumed belonged to a contractor
working at the courthouse.  Marroquin
explained that contractors had been working around the clock to repair damage
caused by a recent flood.  As he drove
away, Marroquin saw a man exit the courthouse building, and at almost the same
time, he saw the fire at the courthouse begin to blaze.  The man jumped into the black vehicle and
drove away without using his vehicle’s headlights.  Marroquin pursued the vehicle but was unable
to maintain contact.

On December
5, 2002, Marroquin was asked to view a line-up at the police station.  Marroquin testified that, at the time of the
line-up, he knew a suspect in the courthouse fire was in the line-up.  Appellant objected that the line-up was
unduly suggestive, and the trial court overruled appellant=s objection.  Marroquin identified appellant as the man he
saw leaving the scene of the courthouse fire. 
Marroquin’s testimony was introduced at the punishment phase as evidence
of an extraneous crime or bad act, which could be considered by the jury if
proved beyond a reasonable doubt.

On
appeal, appellant contends the trial court erred in denying his motion to
suppress Marroquin’s identification testimony. 
Although appellant did not file a pretrial motion to suppress Marroquin’s
testimony on the grounds the line-up was unduly suggestive, appellant’s trial
objection is sufficient to preserve error on this issue.  See Lankston v. State, 827 S.W.2d 907,
909 (Tex. Crim. App. 1992). 

For
appellant to exclude both the testimony as to Marroquin’s line-up
identification and his in-court identification, he must show that the line-up
identification procedure was impermissibly suggestive.  Santos v. State, 116 S.W.3d 447, 451,
455 (Tex. App.CHouston [14th Dist.] 2003, pet. ref=d). 
A pretrial procedure may be suggestive, but that does not necessarily
mean it is impermissibly so.  Barley
v. State, 906 S.W.2d 27, 34 (Tex. Crim. App. 1995).  Suggestiveness may be created by the manner
in which the pretrial identification procedure is conducted, for example, by
police pointing out the suspect or suggesting that a suspect is included in the
line-up.  Id. at 33.  A pretrial identification procedure is not
impermissibly suggestive, however, merely because a witness may have believed
one of the individuals in the line-up was a suspect.  Harris v. State, 827 S.W.2d 949, 959
(Tex. Crim. App. 1992); Abney v. State, 1 S.W.3d 271, 275 (Tex. App.CHouston [14th Dist.] 1999, pet. ref=d). 









Although
Officer Marroquin testified that he knew someone in the line-up was a suspect
in the courthouse fire, that fact did not make the line-up impermissibly suggestive.  A line-up is not rendered impermissibly
suggestive simply because a witness is told that the line-up includes a
suspect, because a witness would normally assume that to be the case.  Harris, 827 S.W.2d at 959.  Because we find the out-of-court identification
procedure was not impermissibly suggestive, we need not address the second
prong of the analysis.  We overrule
appellant’s sixth issue.

Having
overruled all of appellant’s issues, we affirm the trial court’s judgment.

 

/s/        Kem Thompson Frost

Justice

 

Judgment rendered and Opinion filed
June 2, 2005.

Panel consists of Justices Anderson,
Frost, and Hudson.

Publish C Tex.
R. App. P. 47.2(b).

 

 

 











[1]  The trial
court took judicial notice of the fact that photograph number two was a picture
of appellant.





[2]  In McKinney,
the First Court of Appeals declined to extend the estoppel rule in Lee
to a factual sufficiency review, reasoning that the factual sufficiency
standard of review considers the quality and quantity of the evidence whereas a
request for a lesser-included offense charge does not constitute an admission
concerning the quality or quantity of the evidence.  See McKinney, __ S.W.3d at __, 2005 WL
327145, at *4B5.  

 





[3]  Appellant also
cites the O=Keefe and Machado
cases in support of his factual sufficiency argument.  See O=Keefe
v. State, 687 S.W.2d 345, 349B50 (Tex. Crim. App. 1985); Machado v. State,
753 S.W.2d 252, 253B54 (Tex. App.CHouston
[1st Dist.] 1988), pet. ref=d,
767 S.W.2d 809.  These decisions were based on a different
legal standard, one that required evidence negating every reasonable hypothesis
except that of appellant’s guilt. See O=Keefe, 687 S.W.2d at 349B50; Machado,
753 S.W.2d at 253B54.  Because
this is no longer the law, these cases are not on point.  See Geesa v. State, 820 S.W.2d 154,
159B61 (Tex. Crim. App. 1991) (abrogating legal standard
that required evidence negating every reasonable hypothesis except appellant’s
guilt).





[4]  The Court of
Criminal Appeals has not yet determined whether omissions can be raised in a Franks
analysis.  See Massey v. State,
933 S.W.2d 141, 146 (Tex. Crim. App. 1996); Arnold v. State, 47 S.W.3d
757, 760 (Tex. App.CHouston [14th Dist.] 2001, pet. ref’d).  Because we find the omissions were not
misleading, we need not address whether omissions may properly be raised in a Franks
hearing.