Opinion issued November 15, 2007




     








In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00742-CR




JOHN M. COLE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause No. 1070909




MEMORANDUM OPINION

          A jury convicted appellant, John M. Cole, of arson.


 After it found one
enhancement true, the trial court assessed appellant’s punishment at confinement for
15 years. In two points of error, appellant argues that the evidence is legally and
factually insufficient to show that he started a fire.
          We affirm.
Background
          On October 14, 2006, Jimmie Archer Jr., a firefighter with Sheldon Fire &
Community Rescue, testified that, at 5:26 a.m, he was called to a fire at 11950
Greenloch. As he entered the house, Archer noticed that most of the fire was coming
from the rear of the house. 
          Three witnesses, Lucio Francisco Delarosa, Lucio Padron Delarosa, and
Maximillian Delarosa, who lived on the same street as the fire, saw appellant driving
his truck away quickly, with the headlights off, from the backyard of 11950
Greenloch at five in the morning. Shortly thereafter, the witnesses saw smoke
coming from the house. 
          Donald Farris, an arson investigator with the Harris County Fire Marshal’s
Office, testified that he investigated the fire and learned that Patricia Neil owned the
home at 11950 Greenloch, but that no one was staying there at the time of the fire. 
Farris testified that, inside the home, he saw no beds, dressers, or clothing, and it
appeared that no one had been there for a while. Farris determined that the fire had
started in the rear bedroom, and he requested a canine unit because some of the
patterns on the floor “appeared suspicious.” Farris eliminated the water heater or
electrical device as the source of the fire because none of the devices were present in
the area. Farris testified that an open flame initially ignited the fire. 
          Farris also testified that appellant owned the home at 11954 Greenloch, the
house next door to the fire, and that the two addresses shared a backyard. Farris
described appellant’s home as boarded up and stated that no one was living there. 
Farris learned that Neil had been living in a Best Western hotel provided by FEMA
and that appellant was also staying at the same hotel. Farris also learned that
appellant served as Neil’s caretaker. 
          Tom Petty, the owner of the canine unit for the fire marshal’s office, testified
that his dog, Hunter, gave an alert in the east bedroom. Petty stated that, based on the
alerts given by Hunter, he believed that the fire was incendiary. He testified that
ignitable liquid was introduced into the scene and that the forensic lab identified it
as gasoline. 
          Jim Swindall, an employee with the Texas Department of Insurance who is the
manager of the arson lab, testified that he received 5 one-gallon cans of debris that
had been taken from the fire at 11950 Greenloch. Swindall testified that five out of
the six cans contained gasoline or alkanes.


 
          William Richardson, a property adjuster with the Texas Insurance Claims
Service, testified that Patricia Neil owned the home at 11950 Greenloch. He testified
that the loss was reported to the insurance company on the same day the fire was
reported, but that it was not unusual that the claim would be made on the same day
as the loss. 
Analysis
          In his first and second points of error, appellant argues that the evidence is
legally and factually insufficient to show that he started the fire.
          When reviewing legal sufficiency, we view the evidence in the light most
favorable to the verdict, asking whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Wesbrook v. State, 29 S.W.3d 103, 111
(Tex. Crim. App. 2000). The jury, as trier of fact, is entitled to resolve any conflicts
in the evidence, to evaluate the credibility of witnesses, and to determine the weight
to be given any particular evidence. See Jones v. State, 944 S.W.2d 642, 647 (Tex.
Crim. App. 1996).
          In a factual-sufficiency review, we view all the evidence, both for and against
the finding, in a neutral light and set aside the verdict only if the proof of guilt is so
obviously weak as to undermine confidence in the jury’s determination, i.e., the
verdict seems “clearly wrong and manifestly unjust,” or the proof of guilt, although
legally sufficient, is nevertheless against the great weight and preponderance of the
evidence. Watson v. State, 204 S.W.3d 404, 414–15 (Tex. Crim. App. 2006). We
will reverse a jury’s verdict only if the record clearly shows that a different result is
required to prevent a manifest injustice. See id. at 416–17; see also Johnson v. State,
23 S.W.3d 1, 12 (Tex. Crim. App. 2000). In conducting a factual-sufficiency review,
we must also discuss the evidence that, according to the appellant, most undermines
the jury’s verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
          A jury is in the best position to evaluate the credibility of witnesses, and we are
required to afford “due deference” to the jury’s determinations. Marshall v. State,
210 S.W.3d 618, 625 (Tex. Crim. App. 2006). The jury is free to accept or to reject
any or all of the evidence presented by either side. See Saxton v. State, 804 S.W.2d
910, 914 (Tex. Crim. App. 1991). Reconciling conflicting testimony is within the
exclusive province of the jury. Goodman v. State, 66 S.W.3d 283, 287 (Tex. Crim.
App. 2001); see Cleveland v. State, 177 S.W.3d 374, 380 (Tex. App.—Houston [1st
Dist.] 2005, pet. ref’d). We measure the sufficiency of the evidence by the elements
of the offense as defined by a hypothetically correct jury charge. See Fuller v. State,
73 S.W.3d 250, 252 (Tex. Crim. App. 2002); Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997).
          The essential elements of arson in this case include starting a fire, with intent
to destroy or damage any building, habitation, or vehicle, knowing that it is within the
limits of an incorporated city or town. Tex. Pen. Code Ann. § 28.02(a)(2)(A)
(Vernon Supp. 2007). 
          Appellant asserts that the evidence merely showed that he was present at the
scene before and after the fire and that the evidence is legally and factually
insufficient to show he started the fire. Appellant primarily relies on O’Keefe and
Machado in support of his legal and factual sufficiency argument. See O’Keefe v.
State, 687 S.W.2d 345, 349–50 (Tex. Crim. App. 1985); Machado v. State, 753
S.W.2d 252, 253–54 (Tex. App.—Houston [1st Dist.] 1988), pet. ref’d, 767 S.W.2d
809 (Tex. Crim. App. 1989). These opinions were based on a different legal standard,
one that required evidence negating every reasonable hypothesis except that of
appellant’s guilt. See O’Keefe, 687 S.W.2d at 349–50; Machado, 753 S.W.2d at
253–54. Because this is no longer the law, these cases are not on point. See Geesa
v. State, 820 S.W.2d 154, 159–61 (Tex. Crim. App. 1991) (abrogating legal standard
that required evidence negating every reasonable hypothesis except appellant’s guilt). 
          We agree with appellant’s argument that mere presence is not legally sufficient
evidence that appellant committed arson. See Fitts v. State, 982 S.W.2d 175, 186
(Tex. App.—Houston [1st Dist.] 1998, pet. ref’d). However, the evidence in the
record shows more than appellant’s mere presence at the scene. 
          The State presented evidence that three witnesses saw appellant leaving the
backyard of 11950 Greenloch at a high rate of speed at 5 a.m. in the morning, without
his headlights. The witnesses also testified that appellant had a washing machine,
refrigerator, bicycles, and an oven in the back of the truck, from which the jury could
have inferred that appellant did not want these items destroyed. Immediately after
appellant left the scene, the witnesses saw smoke coming from the back of the house,
which eventually turned into a fire. The jury also heard expert testimony that debris
taken from the house contained gasoline, leading investigators to opine that the fire
was intentionally set. The evidence further showed that the fire was reported at 5:26
a.m. and that a call had been made from Neil’s cell phone to the Best Western at 5:29
a.m. The State showed that appellant took care of Neil and that an insurance claim
was made on the same day as the fire. The State’s circumstantial evidence leads to
the inference that appellant set the fire so that an insurance claim could be asserted. 
Although the State’s evidence that appellant ignited the fire was circumstantial, that
evidence is as probative as direct evidence. See Guevara v. State, 152 S.W.3d 45, 49
(Tex. Crim. App. 2004). We conclude that the State presented legally sufficient
evidence for a rational trier of fact to conclude the fire was intentionally set by
appellant. 
          In his factual sufficiency challenge, appellant argues that the evidence is
factually insufficient because numerous witnesses placed appellant at another location
when the fire started. Specifically, appellant states that Demetrius Cunningham,



Mona Lisa Cunningham,


 Mary Marks,


 Chantol Betencourt,


 and Patricia Neil all
testified that appellant was at the Best Western Hotel on the night before and morning
of the fire. However, the jury is the “sole judge of the weight and credibility of
witness testimony” and “may choose to believe all, some, or none of it.” Santellan
v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). Accordingly, the verdict is
not manifestly unjust because the jury may have disbelieved appellant’s alibi
witnesses. 
          After examining all of the evidence, we conclude that the evidence is legally
and factually sufficient to support the verdict. See McLendon v. State, 167 S.W.3d
503, 509 (Tex. App.—Houston [14th Dist.] 2005, pet. ref’d) (holding that evidence
was legally and factually sufficient to support conviction for arson when expert
testimony showed that fire was intentionally set, diesel was used, and defendant fled
from house on foot and in truck).
          We overrule appellant’s first and second points of error.
          Conclusion
 
          We affirm the judgment of the trial court.




                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Nuchia, Jennings, and Keyes.
Do not publish. Tex. R. App. P. 47.2(b).