**Affirmed and Memorandum Opinion filed May 6, 2014.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-13-00018-CR

**MARIO GUADALUPE MEZA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 10th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 11-CR-0345**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant, Mario Guadalupe Meza, of arson and made an affirmative finding of use of a deadly weapon, fire, in the commission of the offense. The trial court sentenced appellant to prison for twenty years. Appellant raises a single issue on appeal claiming the evidence was legally insufficient to support his conviction. We affirm.

Appellant claims the evidence is legally insufficient to support his conviction for two reasons. First, appellant argues the State failed to prove that it was he who started the fire. Second, appellant asserts the State failed to prove incendiary origin.

## I.     STANDARD OF REVIEW

To sustain an arson conviction, the State must show that the accused set the fire or was "criminally connected therewith." *Merritt v. State,* 368 S.W.3d 516, 526 (Tex. Crim. App. 2012). The State must prove each element of the offense beyond a reasonable doubt but is not required to exclude every conceivable alternative to a defendant's guilt. *Id.* (citing *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993) (explaining that "the evidence is not rendered insufficient simply because appellant presented a different version of the events")). A criminal conviction may be based solely upon circumstantial evidence, which is as probative as direct evidence in establishing the guilt of the accused. *Id.*

"When reviewing the sufficiency of the evidence, we consider all of the evidence in the light most favorable to the verdict to determine whether, based on that evidence and the reasonable inferences therefrom, a jury was rationally justified in finding guilt beyond a reasonable doubt." *Id.* citing *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). "The jury is the sole judge of credibility and weight to be attached to the testimony of witnesses." *Id.* Juries are permitted to draw multiple reasonable inferences from facts as long as each is supported by the evidence presented at trial. *Id.* We determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Id.* citing *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007). "The jury is not permitted to draw conclusions based on

speculation because doing so is not sufficiently based on facts or evidence to support a finding beyond a reasonable doubt." *Id.* We presume the jury resolved conflicting inferences in favor of the verdict and defer to that determination. *Id.*

## II.    THE EVIDENCE

Alejandra Quezada and appellant had been in a relationship since 2007. Appellant had assisted Alejandra in finding the location of her home and in designing the house to accommodate her disabled son. Alejandra and appellant also had a son, M.C., and had been involved in a long custody battle over him. Appellant had never been inside the new home. On the night of the fire, appellant returned M.C. to Alejandra at a corner store. Alejandra and her two sons stayed at another home that night because the walls in the new house had recently been painted. Alejandra was woken up by her mother and told her house was on fire. Alejandra rushed home.

Officer Eric Leland of the League City Police Department was dispatched to a house fire at approximately 2:00 a.m. When Alejandra came to the police department later that day she told Officer Leland that she believed her ex-boyfriend, appellant, caused the fire.

Appellant gave a statement to Officer Leland that was videotaped. The statement was admitted into evidence and played to the jury.[1] Appellant claimed that on the morning in question, he got home from a bar between 1:30 and 2:00 a.m. He said his receipt from the bar reflected a time of 2:22, but subsequently indicated it might have been 2:00.

Detective Joseph J. Jack, Deputy Fire Marshal for the City of League City, testified he is a certified arson investigator and peace officer. He was dispatched to

---

[1] Appellant did not testify at trial.

the fire at Alejandra's home. Detective Jack retrieved a DVR player that was part of the home's security system. Detective Jack testified the burn patterns emanated from the garage. Three walls in the garage had very little damage but one wall had significant damage. The garage was the point of origin and the fire spread upward into the attic. Detective Jack found no sign of forcible entry.

Officer Jonathan Cox of the Pearland Police Department was asked to recover any video from the DVR system. Officer Cox was able to view the video up to a point where the fire stopped the video from recording and he copied that video onto a disk. The video was admitted into evidence. The video depicts the following events, in order and all over a period of approximately two minutes: a male approaching the camera in a hooded jacket, then stooping such that only the top of the jacket remained in the frame, remaining in that position for no more than a minute, standing up, disappearing from the frame, returning to the frame facing away from the camera, walking away from the camera, and then, shortly thereafter, smoke and flickering.

During his statement to Officer Leland, appellant admitted the person in the recovered video looked like him, but said he did not have a jacket like the one the person in the video was wearing. Appellant denied being the person on the video. Officer Leland also testified about an interview with appellant's current girlfriend in which she was able to identify not only the person in the video, but also the jacket that the person was wearing.[2] Finally, Alejandra testified at trial and identified the person in the video as appellant.

Detective Jack testified the video shows appellant leaving the garage and there is smoke coming out of the garage. There is a flicker of light in the garage; it

___

[2] Officer Leland subsequently accompanied appellant's girlfriend to appellant's house to look for the jacket, but they did not find it.

4

grows brighter from the fire growing inside the garage. Detective Jack testified the fire was intentionally set by appellant.

Gabriel Moreno, a fire explosion investigator, took samples of the debris at the scene. He determined the origin of the fire was the garage. Jeremy Rummel, a senior analyst at Armstrong Forensic Laboratory, tested Moreno's samples. He found the samples contained "a heavy petroleum distillate of the fuel oil series" typical of kerosene, an ignitable liquid. Rummel testified an ignitable liquid was found in the debris.

## III. ANALYSIS

Appellant asserts there were no witnesses to the start of the fire and there was no forensic evidence placing him in the garage where the fire originated.[3] However, direct evidence is not required and the circumstantial evidence presented to the jury is sufficient to support a finding that appellant started the fire. The video shows an individual approaching the garage with something in his hand and bending down. The fire began within two minutes. Alejandra positively identified appellant as the man on the video, as did Deputy Jack. Appellant's current girlfriend recognized both the man in the video and the jacket he was wearing. No evidence to the contrary was presented and the jurors were able to view the video and make their own determination that it was appellant. Thus the evidence in the record supports the jury's finding that it was appellant who started the fire. *See Merritt v. State*, 368 S.W.3d 516, 527 (Tex. Crim. App. 2012).

---

[3] Appellant claims the evidence does not establish the *corpus delecti* of the offense of arson. The *corpus delecti* rule requires corroboration of an extrajudicial confession, but in this case there was no confession. *See Carrizales v. State*, 414 S.W.3d 737, 743 (Tex. Crim. App. 2013).

Appellant further claims the evidence was insufficient to prove incendiary origin, *i.e*., that the fire was intentionally set.[4] To prove the offense of arson, there must be some evidence "that the fire was of incendiary origin—that is, that someone willfully burned the building." *Hacker v. State*, 389 S.W.3d 860, 871, n. 38 (Tex. Crim. App. 2013) (quoting *Massey v. State,* 154 Tex.Crim. 263, 268–69, 226 S.W.2d 856, 859 (1950)).

The video evidence previously discussed provides strong evidence that the fire was not an accident. Further, Deputy Jack testified that in his opinion the fire was intentionally set. Deputy Jack and Gabriel Moreno testified the fire began in the garage and debris from the fire contained an ignitable liquid. The investigators' uncontroverted testimony is sufficient for a rational trier of fact to conclude the fire was intentionally set. *See Machado v. State,* 753 S.W.2d 252, 254 (Tex.App.—Houston [1st Dist.] 1988), *pet. ref'd*, 767 S.W.2d 809 (Tex. Crim. App. 1989) (arson investigator's undisputed testimony that fire was intentionally set was sufficient to support finding of arson). Thus, a rational jury could conclude beyond a reasonable doubt that the fire was arson. *See also McLendon v. State*, 167 S.W.3d 503, 508–09 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (considering whether the evidence was factually sufficient to sustain conviction for arson).

Viewing all the evidence in the light most favorable to the verdict, we hold that the evidence is sufficient to support appellant's conviction. The jury assessed the credibility and demeanor of the witnesses who testified at trial and inferred

---

[4] Appellant's reliance upon *Bussey v. State,* 474 S.W.2d 708 (Tex. Crim. App. App. 1978), is misplaced. *Carrizales* has abrogated *Bussey*, recognizing the *corpus-delicti* rule was mistakenly applied because *Bussey* did not involve an extradjudicial confession. *Carrizales*, 414 S.W.3d at 743.

6

from the circumstantial evidence that appellant was guilty of arson. *See Merritt v. State*, 368 S.W.3d 516, 527 (Tex. Crim. App. 2012). "This was not a determination so outrageous that no rational trier of fact could agree." *Hooper*, 214 S.W.3d at 10. *See also McLendon*, 167 S.W.3d at 508–09 (considering whether the evidence was factually sufficient to sustain conviction for arson). Appellant's issue is overruled.

Having overruled appellant's only issue on appeal, we affirm the trial court's judgment.


/s/  John Donovan
    Justice


Panel consists of Justices McCally, Busby, and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).