**Robert Blakely McLENDON,
Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–03–01166–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 2, 2005.

Rehearing and Rehearing En Banc
Overruled July 14, 2005.

Jerald Kaplan Graber, Houston, for appellant.

Lori DeAngelo Fix, Houston, for appellee.

Panel consists of Justices ANDERSON, FROST, and HUDSON.

## OPINION

KEM THOMPSON FROST, Justice.

Appellant, Robert Blakely McLendon, appeals a conviction for arson on the grounds that: (1) the evidence is legally and factually insufficient; (2) the State commented on his failure to testify; and (3) the trial court erred in denying his motion to suppress. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Michael Edwards, a River Oaks Patrol security officer, was on duty the night of November 30, 2002. He had been instructed to keep a special watch on the house under construction at the address of 3005 Del Monte, in Houston, because the property was owned by a prominent Enron executive. At approximately three o'clock in the morning, Edwards noticed a suspicious vehicle, a black Lincoln Navigator, parked in front of 3005 Del Monte. As he approached the vehicle, Edwards noticed a white male running from the front of the house toward the vehicle. As Edwards turned on his lights, the man jumped into the vehicle and drove away. As he was looking for a specific address to call in a report on the suspicious vehicle, Edwards noticed the house at 3005 Del Monte was on fire. Edwards gave a description of the vehicle and its license plate number to the dispatcher and followed the Navigator through the neighborhood and onto the Southwest Freeway. The man eventually abandoned the vehicle and ran away through an open field toward an apartment complex. Edwards noted the license plate number of the vehicle and reported it to the Houston Police Department (HPD). Later that morning, HPD and River Oaks Patrol officers determined the registered owner of the Navigator was appellant, Robert Blakely McLendon.

An arson investigator, Nathaniel Gee, conducted a cause and origin investigation and concluded the fire at 3005 Del Monte was incendiary, not accidental. Gee found a large can at the scene, which was later determined to have contained diesel fuel. Debris collected from the fire was examined, and chemists found it contained a flammable heavy-petroleum distillate, such as diesel fuel. Leo Gonzalez, a senior investigator with the Houston Fire Department, placed a photograph of appellant in a photo array, which he showed to Edwards. When Edwards viewed the photos, he originally identified the photograph in position number two [1] as the man he saw running from the house, but then stated the man in photograph number one looked similar to the man he identified.

Based on the investigation and Edwards's identification, Gonzalez obtained an arrest warrant for appellant and arrest-

---

1. The trial court took judicial notice of the fact that photograph number two was a pic-

ture of appellant.

ed him at his apartment. At the time of his arrest, appellant was driving the black Navigator with the same license plates as the vehicle observed at the scene of the fire. Later, Edwards positively identified appellant at a live line-up.

Appellant was charged with arson of a habitation. Before closing arguments, appellant requested and received an instruction on the lesser-included offense of arson of a building. The jury convicted appellant of the lesser-included offense. After finding the allegations in the enhancement paragraph true, the jury assessed punishment at thirty-five years' confinement in the Texas Department of Criminal Justice—Institutional Division and imposed a fine of $10,000.

## II. ISSUES AND ANALYSIS

### A. Is the evidence legally and factually sufficient to support appellant's conviction for arson?

Appellant contends the evidence is legally and factually insufficient to support his conviction because it failed to establish he started the fire. Specifically, appellant contends the evidence shows, at best, he was merely present at 3005 Del Monte and left in his vehicle before the fire began.

### 1. Estoppel as a Bar to Challenge Legal Sufficiency

■ Appellant requested and received a charge on the lesser-included offense of arson of a building. The jury convicted appellant of the lesser-included offense. The State argues appellant is now estopped from challenging the legal and factual sufficiency of the evidence supporting this conviction. The State relies on a line of cases from the Court of Criminal Appeals indicating that a defendant who invokes the benefit of a lesser-included offense by either requesting a jury charge on it or by not objecting to its submission is estopped from complaining on appeal that the evidence is legally insufficient to support a conviction on the lesser offense. *See State v. Yount*, 853 S.W.2d 6, 9 (Tex. Crim.App.1993) (majority opinion citing *Lee* estoppel rule with approval and as analogous to rule applied by the court in *Yount*); *State v. Lee*, 818 S.W.2d 778, 781 (Tex.Crim.App.1991) (plurality op.), *overruled on other grounds by Moore v. State*, 969 S.W.2d 4 (Tex.Crim.App.1998); *Bradley v. State*, 688 S.W.2d 847, 853 (Tex. Crim.App.1985) (plurality op. and dictum).

The opinions in *Lee* and *Bradley* were plurality opinions, and the *Yount* case did not involve an alleged waiver of legal sufficiency review. *See Yount*, 853 S.W.2d at 9; *Lee*, 818 S.W.2d at 781; *Bradley*, 688 S.W.2d at 853. Nonetheless, the *Yount* majority quoted *Lee* and cited its rationale with approval in holding that that the appellant in *Yount* had waived his limitations defense to the driving-while-intoxicated offense by requesting that it be submitted to the jury as a lesser-included offense. *See Yount*, 853 S.W.2d at 9. Though not part of the holding, we conclude that the *Yount* court's approval of the *Lee* estoppel rule is a judicial dictum binding on this court as a deliberate and unequivocal declaration of the criminal law. *See LeBlanc v. State*, 138 S.W.3d 603, 606 (Tex.App.—Houston [14th Dist.] 2004, no pet.) (stating that, as an intermediate court of appeals, we are bound by the Court of Criminal Appeals's deliberate and unequivocal declarations of criminal law); *McKinney v. State*, —— S.W.3d ——, ——–——, 2005 WL 327145, at *2–5 (Tex.App.-Houston [1st Dist.] Feb.10, 2005, no pet. h.) (concluding that intermediate courts of appeals are bound by *Yount*'s affirmation of the *Lee* estoppel rule); *see also Edwards v. Kaye*, 9 S.W.3d 310, 314 (Tex.App.-Houston [14th Dist.] 1999, pet. denied) (distinguishing between a nonbinding obiter dictum and a judicial

dictum). Because we are bound by the Court of Criminal Appeals's affirmation of the *Lee* estoppel rule in *Yount,* we conclude appellant is estopped from bringing a legal sufficiency challenge. *See Yount,* 853 S.W.2d at 9; *McKinney,* —— S.W.3d at ——, 2005 WL 327145, at *3. Accordingly, we overrule appellant's first issue.

Although we follow, as we must, the Court of Criminal Appeals's judicial dictum in *Yount,* we question the soundness of this estoppel rule, and we join the First Court of Appeals in respectfully suggesting that the Court of Criminal Appeals reconsider this rule for the reasons expressed by the First Court of Appeals in the *McKinney* case. *See McKinney,* —— S.W.3d at ——, 2005 WL 327145, at *2–5.

## 2. Factual Sufficiency

■ The State further urges this court to follow the decisions of other intermediate courts of appeals that have extended the *Lee* estoppel rule to factual sufficiency challenges. *See Otting v. State,* 8 S.W.3d 681, 687 (Tex.App.—Austin 2000, pet. ref'd untimely filed); *Reaves v. State,* 970 S.W.2d 111, 118 (Tex.App.—Dallas 1998, no pet.); *Bisco v. State,* 964 S.W.2d 29, 30 (Tex.App.—Tyler 1997, pet. ref'd); *Taylor v. State,* 947 S.W.2d 698, 702 (Tex.App.—Fort Worth 1997, pet. ref'd). We respectfully decline to do so. For the reasons stated in *McKinney,*[2] we conclude appellant is not estopped from challenging the factual sufficiency of the evidence supporting his conviction for the lesser-included offense of arson of a building. *See McKinney,* —— S.W.3d at ——, 2005 WL 327145, at *4–5.

Appellant contends the evidence is factually insufficient to support his conviction because it failed to establish that he actu-

ally started the fire. When evaluating a challenge to the factual sufficiency of the evidence, we view all the evidence in a neutral light and inquire whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *Zuniga v. State,* 144 S.W.3d 477, 484 (Tex.Crim.App.2004). A reviewing court may find the evidence factually insufficient in two ways. *Id.* First, when considered by itself, the evidence supporting the verdict may be too weak to support the finding of guilt beyond a reasonable doubt. *Id.* Second, after weighing the evidence supporting the verdict and the evidence contrary to the verdict, the contrary evidence may be strong enough that the beyond-a—reasonable-doubt standard could not have been met. *Id.* at 484–85. In conducting the factual sufficiency review, we must employ appropriate deference so that we do not substitute our judgment for that of the fact finder. *Id.* at 481–82. Our evaluation should not intrude upon the fact finder's role as the sole judge of the weight and credibility given to any witness's testimony. *Cain v. State,* 958 S.W.2d 404, 407 (Tex.Crim.App.1997). In conducting a factual sufficiency review, we must discuss the evidence appellant claims is most important in allegedly undermining the jury's verdict. *Sims v. State,* 99 S.W.3d 600, 603 (Tex.Crim.App.2003).

■ In the context of this case, a person commits arson of a building if the person starts a fire, regardless of whether the fire continues after ignition, with intent to destroy or damage any building, knowing that it is within the limits of an incorporated city or town. *See* TEX. PEN. CODE ANN. § 28.02 (Vernon 2003). Appellant

---

**2.** In *McKinney,* the First Court of Appeals declined to extend the estoppel rule in *Lee* to a factual sufficiency review, reasoning that the factual sufficiency standard of review considers the quality and quantity of the evidence

whereas a request for a lesser-included offense charge does not constitute an admission concerning the quality or quantity of the evidence. *See McKinney,* —— S.W.3d at ——, 2005 WL 327145, at *4–5.

asserts that the evidence merely showed that he was present at the scene before and after the fire, and that the evidence is factually insufficient to show he started the fire. However, the evidence in the record shows more than appellant's mere presence at the scene. Arson investigator Nathaniel Gee testified that in his opinion the fire at 3005 Del Monte was intentionally set, and the cause of the fire was arson. Chemists testified that a can found at the scene contained diesel fuel, commonly used by arsonists because it does not emit fumes that can cause flash burns on the person who sets the fire. The investigators' uncontroverted testimony is sufficient for a rational trier of fact to conclude the fire was intentionally set. *See Machado v. State,* 753 S.W.2d 252, 254 (Tex.App.—Houston [1st Dist.] 1988) (arson investigator's undisputed testimony that fire was intentionally set was sufficient to support finding of arson), *pet. ref'd,* 767 S.W.2d 809 (Tex.Crim.App.1989).

 Though appellant argues that no person saw him start the fire, direct evidence is not required, and the circumstantial evidence presented to the jury is factually sufficient to support a finding that appellant started the fire. At three o'clock in the morning, appellant's vehicle was parked, with the tail lights on, in front of the house at 3005 Del Monte, which was under construction. Edwards positively identified appellant as the man he saw running away from the house immediately before he noticed the house was on fire. Edwards further testified that appellant

fled the scene in his vehicle, then abandoned the vehicle and fled on foot. Although flight alone will not support a guilty verdict, it is a circumstance from which an inference of guilt may be drawn. *Harris v. State,* 645 S.W.2d 447, 458 (Tex. Crim.App.1983). Appellant presented no evidence to controvert the State's evidence. In support of his factual-sufficiency argument, appellant cites testimony that, at some point in time, appellant's vehicle was reported stolen. However, the testimony appellant cites was given at a motion-to-suppress hearing, and no such evidence was admitted at trial. Accordingly, we cannot consider this evidence in our factual sufficiency review. *See Poindexter v. State,* 153 S.W.3d 402, 406 (Tex. Crim.App.2005) (holding that appellate courts determine the sufficiency of the evidence to support a conviction based on a review of all of the evidence admitted at trial). Under the applicable legal standard, we conclude the evidence is factually sufficient to support appellant's conviction for arson of a building.[3] *See Zuniga,* 144 S.W.3d at 484. Accordingly, we overrule appellant's second issue.

**B. Did the trial court err in overruling appellant's objection to the State's allegedly improper comment purportedly addressing his failure to testify during the guilt-innocence phase?**

In his third issue, appellant contends the trial court erred in overruling his objection to the State's jury argument in which the prosecutor allegedly commented on his failure to testify. The State made the

---

3. Appellant also cites the *O'Keefe* and *Machado* cases in support of his factual sufficiency argument. *See O'Keefe v. State,* 687 S.W.2d 345, 349–50 (Tex.Crim.App.1985); *Machado v. State,* 753 S.W.2d 252, 253–54 (Tex.App.—Houston [1st Dist.] 1988), *pet. ref'd,* 767 S.W.2d 809. These decisions were based on a different legal standard, one that required evidence negating every reasonable hypothesis

except that of appellant's guilt. *See O'Keefe,* 687 S.W.2d at 349–50; *Machado,* 753 S.W.2d at 253–54. Because this is no longer the law, these cases are not on point. *See Geesa v. State,* 820 S.W.2d 154, 159–61 (Tex.Crim.App. 1991) (abrogating legal standard that required evidence negating every reasonable hypothesis except appellant's guilt).

following argument during the guilt-innocence phase:

> [Edwards testified] absolutely, one hundred percent certain that that's the person I saw. And coincidentally, that's the same person who is the registered owner of the car. You have to think about that. That clearly corroborates the identification that Mr. Edwards made. You haven't heard any evidence that there was someone else driving the Defendant's vehicle that night. You haven't heard any evidence—
>
> [Defense Counsel]: Judge, I'm going to object. She's putting the burden on the defense.
>
> Court: That's overruled.

On appeal, appellant contends the prosecutor's comment was an impermissible comment on his failure to testify. An objection at trial not comporting with the complaint on appeal does not preserve error for appellate review. *See Guevara v. State*, 97 S.W.3d 579, 583 (Tex.Crim.App. 2003). Because appellant objected at trial that the State was attempting to shift the burden, and on appeal he raises a different point—that the State commented on his failure to testify—he has failed to preserve error. *See Paster v. State*, 701 S.W.2d 843, 849 (Tex.Crim.App.1985) (appellant's trial objection that the State was attempting to shift the burden did not comport with his appellate argument that the State commented on his failure to testify).

Even if appellant had preserved error on the issue he now raises, his argument would not be successful because the trial court did not err in overruling his objection. *See Patrick v. State*, 906 S.W.2d 481, 491 (Tex.Crim.App.1995) (stating that, if the prosecutor's language reasonably can be construed to refer to appellant's failure to produce evidence other than his own testimony, the comment is

not improper). The State's argument reasonably could be construed to refer to appellant's failure to produce evidence other than his own testimony. Therefore, the trial court did not err in overruling appellant's objection. Accordingly, we overrule appellant's third issue.

**C. Did the trial court err in denying appellant's motion for mistrial made during the punishment phase, after the State's allegedly improper comment purportedly aimed at his failure to testify?**

In his fourth issue, appellant contends the trial court erred when, during the punishment phase, it denied his motion for mistrial after the State allegedly commented on appellant's failure to testify.

The prosecutor made the following argument during the punishment phase:

> This time when you go back to the jury room, I suggest you think about a couple of things. The first thing that you have to take into consideration, obviously, is the Defendant and what kind of person he is. And I promise you [defense counsel] is an excellent lawyer. He knows exactly what he's doing. And I promise you, if there was anything good to say about the defendant—
>
> [Defense counsel]: Judge, I'm going to object. She's switching the burden.
>
> THE COURT: That's sustained.
>
> [Defense Counsel]: I move for a mistrial.
>
> THE COURT: That is denied.
>
> [Defense counsel]: I ask that the jury disregard.
>
> THE COURT: Jury, disregard the last comment by the prosecutor. You are not to consider it for any reason.

An objection at trial not comporting with the complaint on appeal does not preserve error for appellate review. *See Guevara*, 97 S.W.3d at 583. Because appellant objected at trial that the State was attempting to shift the burden, and on

appeal he argues the State commented on his failure to testify, he has failed to preserve the complaint he now raises. *See Paster,* 701 S.W.2d at 849.

 Furthermore, we review a trial court's ruling on a motion for mistrial under an abuse-of-discretion standard, and we must uphold the trial court's ruling if that ruling is within the zone of reasonable disagreement. *Wead v. State,* 129 S.W.3d 126, 129 (Tex.Crim.App.2004). Even if appellant had preserved the point he now argues, any harm was cured by the trial court's instruction to disregard, and the trial court did not abuse its discretion in denying appellant's motion for a mistrial. *See Simpson v. State,* 119 S.W.3d 262, 272–74 (Tex.Crim.App.2003). Accordingly, we overrule appellant's fourth issue.

**D. Did the trial court err in denying appellant's pretrial motion to suppress the line-up identification?**

In his fifth issue, appellant contends the trial court erred in denying his motion to suppress the line-up identification because, he claims, an affirmative misrepresentation was knowingly included in the probable cause affidavit and material facts concerning appellant's innocence were knowingly excluded from it. Specifically, appellant contends Officer Gonzalez: (1) intentionally and knowingly included a falsehood in the affidavit when he wrote that Edwards "tentatively" identified appellant from a photospread, and (2) failed to include in the affidavit that he knew appellant's vehicle had been reported stolen and that a witness described appellant's hair as a different color.

 Appellant filed a motion to suppress Edwards's line-up identification of appellant, contending the affidavit for an arrest warrant contained false statements by the affiant, made knowingly and intentionally, or with a reckless disregard for

the truth, which statements are necessary for the finding of probable cause. *See Franks v. Delaware,* 438 U.S. 154, 164–65, 98 S.Ct. 2674, 2680–81, 57 L.Ed.2d 667 (1978). In *Franks,* the United States Supreme Court recognized that, if an affirmative misrepresentation is knowingly included in a probable cause affidavit and is material and necessary to establishing probable cause, the warrant is rendered invalid under the Fourth Amendment. *Id.,* 438 U.S. at 156, 98 S.Ct. at 2676. This exclusionary rule does not extend to instances in which the police are merely negligent in collecting the facts alleged in the affidavit. *Id.,* 438 U.S. at 170, 98 S.Ct. at 2674. The affidavit must make a truthful showing of probable cause "in the sense that the information put forth is believed or appropriately accepted by the affiant as true." *Id.,* 438 U.S. at 165, 98 S.Ct. at 2674. A misstatement in an affidavit that is the result of simple negligence or inadvertence, as opposed to reckless disregard for the truth, will not make the warrant invalid. *See Dancy v. State,* 728 S.W.2d 772, 783 (Tex.Crim.App.1987).

 Appellant contends the affidavit in this case is false because it contains the following statement:

> On December 2, 2002 your affiant showed the photospread to Michael Edwards. Edwards tentatively identified [appellant] but told affiant that one of the fill in subjects also had similar features as the suspect.

The trial court conducted a pretrial suppression hearing at which appellant and the State presented evidence. At the hearing, Edwards testified he tentatively identified the photo in the number two position as being the man he saw running from the house, but thought the photo of the individual in the number one position looked similar. The trial court denied ap-

pellant's motion and found there was no deliberate falsehood or material misrepresentation or any reckless disregard for the truth. As the sole fact-finder and judge of the witnesses' credibility and weight of the evidence, the trial court is owed great deference, and its ruling will be reversed only if outside the bounds of reasonable disagreement. *Hinojosa v. State,* 4 S.W.3d 240, 247 (Tex.Crim.App.1999). Applying this standard, we find no basis to overrule the trial court's decision to deny appellant's motion to suppress.

 Appellant further contends the affidavit contained falsehoods due to omission of the fact that appellant's vehicle had been stolen and that Edwards described the suspect as having sandy blonde hair. During the pretrial hearing, Officer Gonzalez, the affiant for the probable cause statement, testified that he reviewed the initial offense report, interviewed Edwards, and generated a supplemental report. The initial report reflects that Officer Gee interviewed Edwards, who stated that he observed an unidentified person running away from the structure and described the possible suspect as, "a heavy build, well-dressed, white male, approximately 5′10″ to 6′0″ tall with sandy blonde hair." Regarding identification of appellant's hair color and its omission from the affidavit, appellant presented no evidence to show the materiality of the suspect's hair color. Regarding the report that the black Navigator was once reported stolen and the omission of that fact from the affidavit, Gonzalez testified that, at some time prior to the drafting of the probable cause affidavit, he became aware the vehicle had been reported stolen. There was no evidence, however, that the vehicle had

been reported stolen immediately prior to the fire. Reviewing the evidence from the hearing, we find no basis to overrule the trial court's ruling with regard to the omission of the stolen vehicle report and the description of appellant's hair color.[4] Accordingly, we overrule appellant's fifth issue.

**E. Did the trial court err in denying appellant's motion to suppress identification testimony based on an allegedly impermissibly suggestive line-up?**

 In his sixth issue, appellant contends the trial court erred in denying his motion to suppress Juan Marroquin's punishment-phase identification testimony—both Marroquin's in-court identification of appellant and testimony as to Marroquin's line-up identification of appellant. Appellant argues the trial court should have excluded this evidence because the line-up was unduly suggestive given that Marroquin knew the police suspected one of the men in the line-up of being the man Marroquin had seen fleeing from an earlier fire at the Harris County civil courthouse.

At the punishment phase, Marroquin testified that on July 28, 2001, he was working as the night shift supervisor at the old criminal courthouse when he witnessed a fire at the Harris County civil courthouse. As Marroquin was driving out of a driveway across the street from the civil courthouse, he saw a black vehicle he assumed belonged to a contractor working at the courthouse. Marroquin explained that contractors had been working around the clock to repair damage caused by a recent flood. As he drove away, Marroquin saw a man exit the courthouse

---

4. The Court of Criminal Appeals has not yet determined whether omissions can be raised in a *Franks* analysis. *See Massey v. State,* 933 S.W.2d 141, 146 (Tex.Crim.App.1996); *Arnold v. State,* 47 S.W.3d 757, 760 (Tex.App.— Houston [14th Dist.] 2001, pet. ref'd). Because we find the omissions were not misleading, we need not address whether omissions may properly be raised in a *Franks* hearing.

building, and at almost the same time, he saw the fire at the courthouse begin to blaze. The man jumped into the black vehicle and drove away without using his vehicle's headlights. Marroquin pursued the vehicle but was unable to maintain contact.

On December 5, 2002, Marroquin was asked to view a line-up at the police station. Marroquin testified that, at the time of the line-up, he knew a suspect in the courthouse fire was in the line-up. Appellant objected that the line-up was unduly suggestive, and the trial court overruled appellant's objection. Marroquin identified appellant as the man he saw leaving the scene of the courthouse fire. Marroquin's testimony was introduced at the punishment phase as evidence of an extraneous crime or bad act, which could be considered by the jury if proved beyond a reasonable doubt.

On appeal, appellant contends the trial court erred in denying his motion to suppress Marroquin's identification testimony. Although appellant did not file a pretrial motion to suppress Marroquin's testimony on the grounds the line-up was unduly suggestive, appellant's trial objection is sufficient to preserve error on this issue. *See Lankston v. State*, 827 S.W.2d 907, 909 (Tex.Crim.App.1992).

 For appellant to exclude both the testimony as to Marroquin's line-up identification and his in-court identification, he must show that the line-up identification procedure was impermissibly suggestive. *Santos v. State*, 116 S.W.3d 447, 451, 455 (Tex.App.—Houston [14th Dist.] 2003, pet. ref'd). A pretrial procedure may be suggestive, but that does not necessarily mean it is impermissibly so. *Barley v. State*, 906 S.W.2d 27, 34 (Tex.Crim. App.1995). Suggestiveness may be created by the manner in which the pretrial identification procedure is conducted, for

example, by police pointing out the suspect or suggesting that a suspect is included in the line-up. *Id.* at 33. A pretrial identification procedure is not impermissibly suggestive, however, merely because a witness may have believed one of the individuals in the line-up was a suspect. *Harris v. State*, 827 S.W.2d 949, 959 (Tex.Crim.App.1992); *Abney v. State*, 1 S.W.3d 271, 275 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd).

 Although Officer Marroquin testified that he knew someone in the line-up was a suspect in the courthouse fire, that fact did not make the line-up impermissibly suggestive. A line-up is not rendered impermissibly suggestive simply because a witness is told that the line-up includes a suspect, because a witness would normally assume that to be the case. *Harris*, 827 S.W.2d at 959. Because we find the out-of-court identification procedure was not impermissibly suggestive, we need not address the second prong of the analysis. We overrule appellant's sixth issue.

Having overruled all of appellant's issues, we affirm the trial court's judgment.