Affirmed and Opinion filed December 8, 2005









Affirmed and Opinion filed December 8, 2005.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00822-CR

____________

 

SAM GRIFFIN,
A.K.A. SAM GROSS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 263rd
District Court

Harris County, Texas

Trial Court Cause No. 964,796

 



 

O P I N I O N

Appellant, Sam Griffin, was convicted of
the felony offense of bail jumping.  A
jury found true two enhancement paragraphs and sentenced him to the minimum
time allowed, twenty-five years= imprisonment in
the Institutional Division of the Texas Department of Criminal Justice.  Appellant appeals, arguing three points of
error: (1) certain evidence of prior convictions was improperly admitted; (2)
the evidence was legally insufficient as to one of the enhancement paragraphs;
and (3) the State violated appellant=s Sixth Amendment
right to counsel under the United States Constitution by improperly commenting
on his failure to call a previously-hired attorney to testify at his
trial.  We affirm.








Factual and Procedural Background

On October 6, 2003, appellant, Sam
Griffin,[1]
was scheduled to go to trial for failure to register as a sex offender.  He arrived at court on time for that morning=s session.  At 11:55 a.m., following the State=s voir dire, the
court released everyone for lunch with the strict instruction that all were to
return at 1:00 p.m.  Appellant never
returned.  The court dismissed the panel,
forfeited appellant=s bond on the State=s motion, and
issued a capias warrant.  According to
appellant, he had a car accident while returning a car a friend lent him, and
so was unable to return to the courthouse until approximately 2:00 p.m.  However, appellant did not attempt to contact
the judge and explain what happened. 
Instead, he simply left the courthouse and his whereabouts were unknown
for weeks.  

Appellant was released originally on
$20,000 bond pending trial for failure to register.  The bondsman attempted to locate appellant
after he failed to return to court, but was unable to do so.  After several weeks, the bondsman contracted
with Crime Stoppers to offer a reward for information leading to appellant=s arrest.  The Houston Chronicle and local television
news programs ran appellant=s picture and
information.  One of appellant=s co-workers
identified appellant and gave information leading to appellant=s arrest.  Following that arrest, appellant was charged
and convicted for felony bail jumping. 
He testified in his own defense, but did not offer any testimony from
the attorney who represented him in the failure to register caseCalthough appellant
claims to have informed that attorney of the entire situation at the timeCnor did appellant
call the friend to testify who had allegedly lent the wrecked car.  Moreover, neither appellant nor the State=s investigator was
able to produce a citation[2]
or accident report corroborating appellant=s statement.  








The jury convicted appellant of felony
bail jumping.  During the punishment
phase, the State had to prove two specific prior felony convictions because
appellant pleaded Anot true@ to the two
enhancement paragraphs.  As proof, the
State produced penitentiary packets (Apen@ packets) for both
offenses along with judgments and sentences. 
However, the State was unable to locate any fingerprint cards in the pen
packet from appellant=s burglary conviction.  The court admitted the pen packet over
appellant=s objection because there was other
corroborating evidenceCnamely, a physical description of
appellant, date of birth, name, and information relating to an identifying
tattoo.  Additionally, appellant admitted
in the guilt/innocence phase of the trial that he was indeed convicted of the
burglary charge.

Appellant timely filed notice of
appeal.  On appeal, he raises three
points of error.  Taking each in turn, we
affirm.

Analysis

I.        Admissibility
of Evidence

In his first point of error, appellant
challenges the admission of evidence relating to the previous burglary
conviction.  The prosecution offered the
evidenceCcertified copies
of judgments along with a pen packetCduring the
punishment phase to prove one of the enhancement paragraphs.  We review the admission of evidence for abuse
of discretion.  Montgomery v. State,
810 S.W.2d 372, 391 (Tex. Crim. App. 1991, op. on reh=g).  So long as the court=s decision was
within the zone of reasonable disagreement, we will not disturb it on
appeal.  Id.  Because we are reluctant to reverse an
exercise of discretion, we will uphold it if there is any basis to sustain the
court=s ruling, even if
not the basis upon which the court relied. 
Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).  








Appellant argues the trial judge erred in
admitting a pen packet and two judgments from a previous burglary conviction
used to prove an enhancement paragraph. Appellant contends the admitted
evidence was not sufficiently linked to him so, it was irrelevant.  Although appellant admits that there is no
exclusive method for linking pen packets and judgments to a defendant, he
essentially argues that the State did not offer independent evidence that
appellant was the person convicted of that previous offense because it failed
to offer fingerprint evidence.   Because
we disagree the State did not offer any independent evidence, we overrule
appellant=s first point of error.

The State may introduce authenticated
copies of state prison records and certified copies of a judgment and sentence
to show that a defendant committed another crime.  Beck v. State, 719 S.W.2d 205, 210
(Tex. Crim. App. 1986).  However, they
are not enough evidence on their own.  Id.;
see also, Perez v. State, 21 S.W.3d 628, 630 (Tex. App.CHouston [14th
Dist.] 2000, no pet.) (stating that the State must tie documents to defendant
in order to make them relevant).  The
State must come forward with independent supporting evidence to prove the
defendant is the person described in those documents.  Beck, 719 S.W.2d at 210.  Typically, the State will present
fingerprints included in the pen packet, have a fingerprinting expert take
fresh fingerprints from the defendant, and then conclude from comparison that
the defendant on trial is the same person convicted of the previous
offense.  Id.  Yet there is no exclusive method or type of
evidence required.  Id. at 209B10.   

The supporting evidence need not precede
the admission of a pen packet or judgment and sentence. Id.  Thus, the evidence offered during the
punishment phase and evidence admitted during the guilt/innocence phase of the
trial can be considered by the jury. 
There was no objection to the admission of that evidence, and appellant
does not contend on appeal that it was improperly before the jury. 








While we address the legal sufficiency of
the State=s evidence below, discussion of the
independent evidence is necessary to our analysis here.  The State introduced evidence of appellant=s sex, color,
height, date of birth, name, alias, eye color, hair color, and identifying
tattoo.[3]  In addition, the documents reflected the
specific cause numbers for the previous actionsCwhich are unique
to each actionCconviction dates, and the specific crime
involved.  Appellant, while testifying in
the guilt/innocence phase, admitted to having the burglary conviction[4]
listed in the challenged documents. 
Admissions in open court are sufficient for proving a prior conviction.[5]  Beck, 719 S.W.2d at 210.  Put together, the State tied the evidence to
appellant and the trial court did not err in admitting this evidence and
leaving it to the jury to determine if the State met its burden of proving true
the enhancement paragraph.  We overrule
appellant=s first point of error.

II.       Legal
Sufficiency

In his second point of error, appellant argues the evidence
was legally insufficient to prove the truth of the second enhancement paragraphCthat he committed the burglary
discussed above.  In a legal sufficiency
challenge, we employ the familiar standard of viewing the evidence in the light
most favorable to the verdict.  King
v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).  If any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt, we will
affirm.  Id.








We have already listed the identifying
characteristics the State proffered to prove appellant was convicted of the
robbery as alleged in the enhancement paragraph.    Appellant admitted to the conviction, and
that admission was part of the evidence considered during the punishment
phase.  The pen packet and judgment and
sentence, though not sufficient on their own, were corroborated with the
identifying characteristics of appellant and his confession.  Viewed in the light most favorable to the
verdict, the evidence is sufficient.  We
overrule appellant=s second point of error.

III.      Improper
Commenting on Appellant=s Attorney-Client
Privilege

In his final point of error, appellant
claims the prosecutor violated his Sixth Amendment right to counsel by
improperly commenting on his failure to call a previously-hired attorney to
testify.  Specifically, appellant
contends the prosecutor improperly commented on appellant=s invocation of
his attorney-client privilege.  Citing no
direct authority, appellant argues these comments were constitutional
violations of such a magnitude that they require us to reverse.  The State rebuts that this point of error is
waived because appellant=s objection at trial was different than
the point of error he raises on appeal. 
The State is correct that appellant clearly objected on a different ground
than the one he urges on appeal.  Because
even constitutional violations may be waived, we agree that we must determine
first if the point of error, though perhaps constitutional in nature, is
waived.








We note initially that improper comments
during jury argument generally can be waived, even if the error alleged is
constitutional.  See, e.g.,
McLendon v. State, 167 S.W.3d 503, 510 (Tex. App.CHouston [14th
Dist.] 2005, no pet.) (holding that a defendant may waive any objection to a
prosecutor=s improper comment on the right to remain
silent).  It is well established that A[a] party is not
excused from the procedural requirements for objecting at trial merely because
an error involves a constitutional right.@  Jimenez v. State, 32 S.W.3d 233, 235
(Tex. Crim. App. 2000).  A specific
objection is required unless the constitutional right violatedCif indeed violatedCis (1) waivable
only, or (2) an absolute, systemic requirement. 
Saldano v. State, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002).   Few rights fall into those two
categories.  See id. at 888
(listing rights that are waivable only as the right to counsel and trial by
jury, and listing as absolute systemic requirements jurisdiction of the person,
subject matter jurisdiction, and a penal statute=s need for
compliance with the Separation of Powers section of the state
constitution).  We turn now to appellant=s argument to
determine if it is the sort of waivable-only right or absolute systemic
requirement that may be raised for the first time on appeal.  

Appellant claims the following italicized
language in the State=s closing argument improperly commented on
his invocation of the attorney-client privilege:

Ms.
Gostyla:           [The State] We also
talked about investigators and how he had an investigator looking at the
offense report that he swore existed. 
Don=t think for a minute he couldn=t have found John [the friend with
whom defendant allegedly left the wrecked car].

The defense also could have
subpoenaed Lance Hamm, the defendant=s attorney, and required him to come to court.

Ms.
Marshall:          [defendant=s attorney] Objection, Lance Hamm
was subpoenaed to come to court.  Arguing
outside the scope of testimony.

The Court:             Overruled.

Ms. Gostyla:           They could have required Lance Hamm to come to court
and testify that the defendant was genuinely confused, or had a war  [sic] wreck, or told him about a car
wreck, or something like that.  He=s not hear [sic] to say
anything about that.   

Appellant analogizes these comments to
improper comments on a defendant=s Fifth Amendment
right to remain silent and thus argues there is a constitutional
violation.  In this case, appellant asks
us to hold that commenting on the use of the attorney-client privilegeCnot using
privileged communicationsCis a constitutional violation.  Appellant has cited no authority, and we know
of none, establishing that comments on the use of the privilege, without more,
amount to prejudicial use.[6]  However we will assume, arguendo, that
the prosecutor=s comments were a constitutional violation
solely to determine whether or not they may be raised for the first time on
appeal.  








Because the complaints are similar in
nature, we, as appellant does, draw an analogy from these comments to improper
comments to the jury on a defendant=s decision to
invoke her Fifth Amendment right to remain silent.  The rule against commenting on a defendant=s invocation of
her right to remain silent is well known. 
See, e.g., Bustamante v. State, 48 S.W.3d 761, 764
(Tex. Crim. App. 2001).  Neither the
court nor the prosecutor may comment on that invocation.  Id. 
However, though such comments are a constitutional violation, a
defendant waives her right to complain on appeal if she fails to make a timely,
specific objection to those comments.  See
McLendon, 167 S.W.3d at 510. In contrast with the absolute protection
for the right to remain silent, the protection of privileged attorney-client
communications is more limited.  See
Murphy v. State, 112 S.W.3d 592, 602B03 (Tex. Crim.
App. 2003) (requiring not only prosecutorial use of attorney-client privileged
communications, but also prejudice to the defendant resulting from that use), cert.
denied, 541 U.S. 940 (2004).  Indeed,
we know of no case law stating that the mere reference to the privilege is a
constitutional violationConly the use of those communications in
limited circumstances.  Certainly, given
the more limited protection, the attorney-client privilege does not command
greater respect or protection under the law than the Fifth Amendment right to
remain silent.  

If a defendant may waive a complaint for
improper commenting on her constitutional right to remain silent, it follows
that she also may waive a complaint for other prosecutor comments on rights
that may be grounded in the Constitution. 
We know of no case law holding that allegedly improper comments on the
attorney-client privilege may not be waived. 
Accordingly, this situation does not represent the sort of right that is
waivable only, nor an absolute systemic requirement.  We hold that, like the Fifth Amendment right
to remain silent, commenting upon a defendant invoking the attorney-client
privilege, if a constitutional violation, is waivable.  We overrule appellant=s third point of
error.

 

 








Conclusion

For the foregoing reasons, we overrule
each of appellant=s points of error and affirm the judgment
of the trial court.

 

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment
rendered and Opinion filed December 8, 2005.

Panel
consists of Justices Fowler, Edelman, and Guzman.

Publish
C Tex. R. App. P. 47.2(b).

 











[1]  Appellant goes
by two names, ASam Griffin@ and ASam Gross.@  For simplicity, we use only the name ASam Griffin.@





[2]  Appellant
claimed at trial that he had received a citation at the accident scene for
having no insurance.





[3]  There was some
discrepancy from one witness regarding the location of this tattoo.  However, it is the jury=s province to resolve those inconsistencies.  Additionally, the witness did provide an
explanation for why she may have indicated the tattoo is on appellant=s right hand, whereas everyone else agreed it is on
his left hand.  Such arguments go to
weight and credibility, not admissibility. 






[4]  Appellant
argues that there is a discrepancy between conviction dates because the enhancement
paragraph alleges a burglary conviction entered on January 2, 1986, whereas
other documents admitted to prove the enhancement place the conviction date at
December 20, 1984, with a final conviction date of January 2, 1986.  Appellant attempts to elevate form over
substance.  Appellant was convicted on
December 20, 1984, and placed on probation. 
Probation was revoked and appellant was finally convicted on January 2,
1986.  It is well settled that a probated
sentence is not a final conviction for enhancement purposes unless
revoked.  Ex Parte Langley, 833
S.W.2d 141, 143 (Tex. Crim. App. 1992). 
Thus, the relevant conviction date is the date of revocationCthe date on which there is a Afinal conviction.@  Here, that is January 2, 1986, and there is
no discrepancy.





[5]  We recognize that
the typical judicial admission in this context would be to plead Atrue@ to the enhancement paragraph.  However, appellant was under oath and
admitted to having a final conviction for burglary on the date stated in the
enhancement paragraph.  This admission
made in open court, under oath, and in front of the jury certainly qualifies as
sufficient evidence to tie the conviction to appellant. 





[6]  Appellant
cites Hardie v. State, 807 S.W.2d 319, 322 (Tex. Crim. App. 1991), for
the proposition that the State generally cannot comment upon an defendant=s invocation of the right to counsel.  However, that case neither addresses directly
the invocation of the attorney-client privilege, nor states that commenting upon
the right to counselCwhich is a separate question from oursCwould be error not requiring an objection at trial.