Affirmed and Memorandum Opinion filed June 28, 2007








Affirmed and Memorandum Opinion filed June 28, 2007

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00201-CR

_______________

 

JOSE ALEJANDRO CORNEJO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 337th District Court

 Harris County, Texas

Trial Court Cause No. 1031056

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

Appellant,
Jose Alejandro Cornejo, was indicted for murder. A jury found appellant guilty
of the lesser-included offense of aggravated assault with a deadly weapon and
assessed punishment at twelve years= confinement.  On appeal, appellant
challenges the legal and factual sufficiency of the evidence to support the
jury=s rejection of his self-defense
claim. Our disposition is based on law that is clearly settled in Texas
jurisprudence. Accordingly, we issue this memorandum opinion and affirm.  See
Tex. R. App. P. 47.4.  








I.  Background 

Appellant
shared a one-bedroom apartment with Crispin Cerrano, Rene Catalan, and
complainant, Jose Portillo.  On June 18, 2005, during the early morning hours,
appellant and  Portillo were playing a dice game in the kitchen that had begun
around 5or 6 p.m. on June 17, 2005.  Cerrano slept on the sofa nearby while
Catalan slept in the bedroom.  Sometime after 2 a.m., Cerrano awoke to
appellant and Portillo arguing about money Portillo had lost in the dice game. 
Cerrano saw Portillo throw a large, glass-encased candle at appellant.  The
candle hit appellant=s face so hard that the glass broke.  Appellant pulled out a
knife from his pocket and stabbed Portillo in the stomach.  Appellant left the
apartment.  Catalan called the police.  Appellant was arrested near a wooded
area where he often spent time.  Portillo died as a result of the stab wound.  

Appellant
was indicted for murder. The jury rejected his self-defense claim and convicted
him of aggravated assault with a deadly weapon. 

II.  Estoppel as a Bar to Challenge Legal and Factual Sufficiency 








As a
preliminary matter, the State contends appellant is collaterally estopped from
challenging the legal or factual sufficiency of the evidence on the
lesser-included offense of aggravated assault because he requested a jury
instruction for the lesser-included offense.[1] 
See State v. Lee, 818 S.W.2d 778, 781 (Tex. Crim. App. 1991) (plurality
op.), overruled on other grounds by Moore v. State, 969 S.W.2d 4, 9B10  (Tex. Crim. App. 1998); see
also State v. Yount, 853 S.W.2d 6, 9 (Tex. Crim. App. 1993), overruled
in part by McKinney v. State, 207 S.W.3d 366, 373-74 (Tex. Crim. App.
2006); Otting v. State, 8 S.W.3d 681, 686B87 (Tex. App.CAustin 1999, pet. ref=d), disapproved in part by
McKinney, 207 S.W.3d at 372B74.  Apparently anticipating the
State=s argument, appellant contends in his
third issue that he is not collaterally estopped from challenging the legal and
factual sufficiency of the evidence to support his conviction for aggravated
assault and the jury=s rejection of his self-defense claim.  Appellant relies on
opinions from this court and the First Court of Appeals questioning the application
of the estoppel rule to legal sufficiency challenges to convictions for a
lesser-included offense requested by the defendant.  See McKinney v. State,
177 S.W.3d 186, 192B94 (Tex. App.CHouston [1st Dist.] 2005), aff=d, 207 S.W.3d at 375; McClendon v. State, 167
S.W.3d 503, 508 (Tex. App.CHouston [14th Dist.] 2005, pet. ref=d).  

After
the parties filed appellate briefs with this court, the Court of Criminal
Appeals in McKinney v. State, clarified  proper application of the
estoppel rule. 207 S.W.3d at 373B74.  The court explained that it made
little sense to preclude a defendant from challenging the legal and factual
sufficiency of the evidence on appeal simply because the defendant requested
and received an instruction on a lesser-included offense.  Id. at 374. 
The court confined application of the estoppel rule to cases that involve a
challenge to sufficiency of the evidence as it relates to the sudden-passion
element of voluntary manslaughter and arose before September 1, 1994.  Id. 
This case does not fall within the narrow exception defined by the court.[2] 


Accordingly,
we sustain appellant=s third issue and consider his challenges to legal and factual
sufficiency of the evidence.  

III.  Legal Sufficiency

In his
first and second issues, appellant contends the evidence is legally
insufficient to justify the jury=s implicit finding that he did not
act in self-defense when he stabbed Portillo.  In response, the State contends
the evidence is legally sufficient to support the jury=s implicit finding because appellant
failed to establish that deadly force was immediately necessary for his
protection.  We agree with the State.  








A.        Standard of
Review

In
reviewing legal sufficiency of the evidence to support the trier of fact=s  rejection of a self-defense claim,
we do not determine whether the State presented evidence that refuted appellant=s self-defense evidence.  See
Saxton v. State, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991).  Rather, we determine
whether, after viewing all the evidence in the light most favorable to the
verdict, any rational trier of fact could have found (1) the essential elements
of the crime beyond a reasonable doubt and (2) against the defendant beyond a
reasonable doubt on the self-defense issue. See id.  The trier of fact
is the exclusive judge of the credibility of the witnesses and the weight to be
given their testimony.  See Margraves v. State, 34 S.W.3d 912, 919 (Tex.
Crim. App. 2000).  

B.        Applicable Law

The defendant
bears the burden of producing some evidence to support his claim of
self-defense.  See Zuliani v. State, 97 S.W.3d 589, 594 (Tex. Crim. App.
2003) (citing Saxton, 804 S.W.2d at 913).  However, once self-defense is
raised, the State bears the burden to disprove the defense.  See id. 
The burden of persuasion is not one that requires production of evidence;
rather it only requires that the State prove its case beyond a reasonable
doubt.  See id.  Self-defense is a fact issue to be determined by the
jury.  See Saxton, 804 S.W.2d at 913B14.  When the jury finds the
defendant guilty, there is an implicit finding against the defensive theory.  See
Zuliani, 97 S.W.3d at 594; Saxton, 804 S.W.2d at 914.  








Under
the law of self-defense, a person is justified in using deadly force  (1) when
and to the degree he reasonably believes the force is immediately necessary to
protect himself against the other=s use or attempted use of unlawful
deadly force and (2) if a reasonable person would not have retreated under the
circumstances.  See Tex. Penal
Code Ann. '' 9.31, 9.32(a) (Vernon 2003).  A person commits aggravated
assault if he intentionally, knowingly, or recklessly causes serious bodily
injury to another or uses or exhibits a deadly weapon during the commission of
the assault.  See Tex. Penal Code
Ann. '' 22.01(a)(1), 22.02(a)(1)-(2) (Vernon Supp. 2006).   

C.        Analysis

We
conclude a rational jury could have found the essential elements of aggravated
assault beyond a reasonable doubt and against appellant beyond a reasonable doubt
on his self-defense claim.  

At
trial, Cerrano testified regarding the events that he witnessed the morning of
June 18, 2005.  Specifically, while sleeping on a sofa near the kitchen, he was
awakened by an argument between appellant and Portillo.  Portillo was
intoxicated and aggressive.  Appellant and Portillo  were arguing about money
Portillo lost in a dice game.  Appellant was standing at the entrance to the
kitchen. He was also approximately five feet from the front door. Cerrano saw
Portillo throw a heavy, glass-encased candle that hit appellant in his face. 
Then appellant pulled a knife out of his right pocket, stabbed Portillo in the
abdomen, and left the apartment.








Henry
Palacios, a homicide investigator for the Harris County Sheriff=s Department, testified that he
arrested appellant at the edge of a wooded area.  He found a glass-encased
candle and a steak knife in appellant=s pockets.  Immediately after the
arrest, Palacios communicated  Miranda rights in Spanish.   Then
appellant stated, AHe hit me with a candle and this made me so mad; so I stuckCI stabbed him.@  Subsequently, appellant was
submitted to a  videotaped interview at the police station.  The videotape was
played and translated for the jury during Palacios=s testimony.  In the video, appellant
stated that after losing the dice game, Portillo told him, AI=m going to take away the money from
you.  I am going to eat you.@  Appellant explained that Agoing to eat you@ meant Ahe was going to kill me.@ When appellant asked him what he was
going to do, Portillo told him, AI am going to get you with these
[candles].@  Appellant further stated, ASo he ran like this and I followed
him and I pulled out the knife and I hit him like this.@  When asked where Portillo was
running to, appellant responded by explaining where they were standing.  During
the videotaped interview, appellant agreed that he Agot upset@ when he was hit by the candle.  

At
trial, appellant testified that he had been  acquainted with Portillo for about
three years.  He observed that Portillo had a tendency to fight with others. 
He testified that they had been playing dice since about 5 or 6 p.m. the
previous evening.  Portillo had invited someone named AHerman@ to play with them that evening. 
Portillo had fought with Herman in the past.  Portillo and Herman drank a
twelve-pack of beer that night.  They fought again.  After Herman left,
appellant and Portillo played for another hour and a half.  After Portillo lost
and appellant told him that he did not want to play anymore, Portillo said, AOh, you=re not going to play?  Then I=m going to kill you.  I=m going to eat you.@  Portillo said he was going to hit
him with the candle and Arob it [the money appellant won].@  Appellant thought  Portillo would Afinish me up@ after he threw the candle because
kitchen knives were accessible.  Appellant testified that he pulled the knife
to discourage Portillo from a continued attack.  He explained that he took the
candle before leaving because he did not want Portillo to throw it again. 

Dr. Ana
Lopez, an assistant medical examiner at the Harris County Medical Examiner=s Office, testified that Portillo=s stab wound had a sharp angle and
blunt angle to it, indicative of the characteristics of the steak knife.  She
stated that Portillo had a blood alcohol level of .10, which is higher than the
legal limit for driving while intoxicated.  She agreed that the candle could
cause serious bodily injury or death.  Deputy Robbennott, of the Harris County
Sheriff=s Department, the first officer to
arrive at the scene, also testified that he thought the candle could be used as
a deadly weapon.  








Appellant
offers several reasons why the evidence is legally insufficient to justify the
jury=s implicit finding that he did not
act in self-defense.  First, appellant argues the testimony at trial showed
Portillo was the initial aggressor.  But,  Cerrano and appellant both testified
that the candle was on the floor after it struck appellant.  Moreover,
appellant admitted that Portillo had no weapon in his hands when he was
stabbed. Under Texas Penal Code section 9.32, ADeadly Force in Defense of a Person,@ there must be evidence that the
force was immediately necessary for protection.  See  Tex. Penal Code Ann. ' 9.32(a).   Thus, a rational jury
could have concluded that a reasonable person in appellant=s situation would not have believed
deadly force was immediately necessary to protect himself from Portillo=s use of unlawful deadly force
because   Portillo no longer had the candle, or any other weapon, in his hand.

Second,
appellant contends that it was less reasonable for him to retreat because he
was inside his own apartment.  However, both men lived in the apartment. 
Furthermore,  Cerrano and appellant testified Portillo was standing inside the
kitchen, while appellant was standing near the kitchen door, giving  appellant
a path of retreat.  Specifically, Cerrano stated appellant was about five feet
from the front door.  A rational jury could have believed that a reasonable
person in appellant=s situation would have retreated through the nearby front
door.  Accordingly, a rational jury could have determined that a reasonable
person in appellant=s situation would not have concluded that deadly force was
immediately necessary for his protection.  








Similarly,
a rational jury could have determined that appellant stabbed Portillo because
he was Amad@ or Aupset.@ Officer Palacios testified that
appellant admitted he was  mad. This evidence was corroborated by appellant=s statement, in the videotaped
interview, that he was Aupset.@  Notwithstanding appellant=s  trial testimony that he was not Amad@ and did not tell officer Palacios
that he was Amad,@ the jury as the trier of fact and exclusive judge of the credibility of
the witnesses could decide what weight to give the testimony.  See Margraves,
34 S.W.3d at 919.  Third, appellant argues that in addition to attacking him
with a deadly weapon,   Portillo threatened to rob him.  However, a rational
jury could have concluded that, despite the attack with the candle and threat
to take his money, a reasonable person would have retreated through the nearby
front door.  

Fourth,
appellant argues that he left the apartment as soon as possible, thinking he
had temporarily halted Portillo=s aggression.  He suggests he was unaware that  Portillo was
fatally wounded.  However, the jury could have reasonably concluded that
appellant intended to cause Portillo serious bodily injury or death because he
stabbed Portillo in a vital area of his body.  

Fifth,
appellant asserts, without explanation, that there was no physical evidence
contradicting his self-defense claim.  Moreover, he contends that Portillo had
a history of violence and aggression.  However, the jury, as the trier of fact
and exclusive judge of the credibility of the witnesses was entitled to
determine what weight to give these factors.  See Margraves, 34 S.W.3d
at 919. 

In sum,
we hold that a rational jury could find beyond a reasonable doubt that
appellant did not act in self-defense when he stabbed Portillo in the abdomen. 
Accordingly, we find the evidence legally sufficient to support the jury=s rejection of appellant=s self-defense claim.  See Saxton,
804 S.W.2d at 914.  We overrule appellant=s first and second issues.  

IV.  Factual Sufficiency 

In his
fourth issue, appellant contends the evidence is factually insufficient to
support the jury=s rejection of his self-defense claim.

A.        Standard of Review 








When
reviewing factual sufficiency to support rejection of a defense, we review all
the evidence in a neutral light and determine whether (1) the State=s evidence taken alone is too weak to
support the finding and (2) whether the proof of guilt, although adequate if
taken alone, is against the great weight and preponderance of the evidence.  See
Zuliani, 97 S.W.3d at 594; see also Watson v. State, 204 S.W.3d 404,
416B17 (Tex. 2006).  We will reverse a
guilty verdict on a factual sufficiency challenge only when we can say, with
some objective basis in the record, that the great weight and preponderance of
the evidence contradicts the jury=s verdict.  See Watson, 204
S.W.3d at 417.  

B.        Discussion 

Appellant
contends the evidence is factually insufficient because the Aonly possible factor that could have
influenced the jury to reject appellant=s self-defense claim was whether or
not a reasonable person would have retreated under the circumstances.@ Appellant focuses on the fact that
the jury requested a read-back of the following portion of his videotaped
statement:  APortillo moved away from him and he stabbed him [Portillo].@  In this requested portion,
appellant said, ASo, he ran like this and I followed him and I pulled out the
knife and I hit him like this.@  Appellant contends the jury placed undue emphasis on this
one portion of the evidence and disregarded the weight of other evidence. 
Specifically, appellant contends he was erroneously depicted as chasing
Portillo in order to stab him.  However, the evidence shows that appellant was
standing in a position to retreat because he was located at the kitchen door
and five feet from the front door.  Moreover, appellant implicitly acknowledged
that he was standing at the exit of the kitchen with nothing blocking his way
to the front door.  When reviewing evidence, we must avoid intruding on the
fact finder=s role as the sole judge of the weight and credibility
of the witness testimony.   See Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000).  

Appellant
also argues that Acalmly and quietly depart[ing]@ is Anot the real world.@  However, a rational jury could have
concluded that a reasonable person under the circumstances, with the front door
within close reach, would not have reacted by stabbing Portillo in the abdomen
with a knife.  








Appellant
further contends the jury when considering the videotaped statement, failed to
consider the language barrier the fact that the interpreter could not translate
unintelligible portions of the videotaped statement.  However, in our factual
sufficiency analysis, we consider all the evidence to see if it meets the legal
standard for factual sufficiency.  Any alleged failure to translate
unintelligible portion of the videotaped statement is not material to our
factual-sufficiency review.  The jury was also free to consider the language
barrier in considering the weight to give the evidence.  Appellant also
contends the State improperly argued that appellant had requested inclusion of
the lesser-included offense of aggravated assault in the jury charge.  See
Tex. Code Crim. Proc. Ann. art.
36.15 (Vernon 2006) (providing that the jury shall not be advised that a party
requested a particular charge).  Appellant concedes that he failed to preserve
error on this point, but he argues that it should still be considered in our
factual sufficiency review.  Appellant cites no authority for this proposition.


The jury
was entitled to believe all of the State=s evidence and disbelieve all of the
evidence introduced by appellant.  See Tucker v. State, 15 S.W.3d 229,
236 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).  After reviewing the evidence in
a neutral light, and giving due deference to the jury=s assessment of witness credibility,
we conclude that the verdict is not against the great weight and preponderance
of the evidence.  Accordingly, appellant=s fourth issue is overruled and the
judgment of the trial court is affirmed.

 

 

/s/        Charles
W. Seymore

Justice

 

Judgment rendered and Memorandum Opinion filed June 28, 2007.

Panel consists of Justices Frost, Seymore, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).









[1]  Based on the record, it appears appellant requested
the lesser-included offense instruction. 





[2]  The State makes an alternative argument that is
premised on the Court of Criminal Appeals not having addressed the estoppel
issue.  Because the high court has addressed this issue in a manner inconsistent
with the State=s alternative argument, we conclude this argument
lacks merit.